In the Matter of Mary Carolyn HILL, d/b/a Carolyn's Fashions, Bankrupt.

BANK OF MISSISSIPPI, TUPELO, Mississippi, Applicant,

v.

Jacob C. PONGETTI, Trustee in Bankruptcy, Respondent.

No. EBK 73-7-S.

United States District Court,
N. D. Mississippi, E. D.

Aug. 7, 1973.

James L. Weir, Riley, Davidson & Weir, Tupelo, Miss., for petitioner.

Jacob C. Pongetti, Columbus, Miss., for trustee.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on petition of the Bank of Mississippi (Bank), for a review of the action of Honorable Eugene J. Raphael, Referee in Bankruptcy, in denying the Bank's reclamation petition for the reclamation of the inventory used by bankrupt in the operation of a dress shop at 1411 Ida Street, Tupelo, Lee County, Mississippi under the trade or business name "Carolyn's Fashions".

The Referee's Certificate of Review is complete in all respects and contains copies of all pleadings and documents in the bankruptcy proceedings necessary for the court's consideration of the issue presented for review.

The parties have submitted the matter on briefs, without oral argument.

The issue is purely a legal one. The facts have been stipulated and are not controverted. The bankrupt, Mary Carolyn Hill, filed a Debtor's Petition In Bankruptcy, seeking to be adjudicated a bankrupt. The adjudication was made on January 17, 1973, and the action was referred to the Referee. The petition states that the bankrupt's occupation is "self-employed ladies dress shop owner", and engaged in the business as "Carolyn's Fashions".

The Statement of Affairs attached to the petition gives the nature, location and name of bankrupt's business for the period 1969–1972 as "Carolyn's Fash-ions, 127 Tupelo Mall, Tupelo, Miss." The statement also shows that within the six year period immediately preceding the filing of the original petition the bankrupt had carried on a business at 311 Main St., Tupelo, Miss., under two different trade names, i. e., "Sample Showcase" and "Fashions Showcase".

The record reveals that the bankrupt signed a promissory note on February 16, 1972, payable to the Bank, for the sum of $5,010. This note renewed an earlier note held by the Bank. The February 16, 1972 note was due, with interest on December 15, 1972 and was signed "Carolyn's Fashions, By: Carolyn Hill, Prop.". The note provided that there was pledged as security the "inventory located in the Tupelo Mall between Playland Toy Store and Butler Shoes, valued at $18,000.00, and insured by Reed Johnson for $15,000.00".

The bankrupt signed a Security Agreement dated November 3, 1971 to secure the payment of the debt to the Bank and a Financing Statement was timely filed in the office of the Chancery Clerk of Lee County, Miss., and in the office of the Secretary of State of Mississippi in Jackson, Miss. The controversy between the parties relates only to the Financing Statement and the validity of the Security Agreement is not in question.

At the top of Box 1 of the Financing Statement, which was filed with the Chancery Clerk, there is printed "Debtor(s) (Last Name First) and address". There is inserted in this Box the following:

Carolyn's Fashions
Tupelo Mall
Tupelo, Miss. 38801

The statement is signed by the Bank and by the bankrupt. The bankrupt's signature is as follows:

By—/s/ Carolyn Hill"
"Carolyn Fashions

The controversy arises because the bankrupt's true name was not inserted

in Box 1 of the form but instead there was inserted the bankrupt's trade name, "Carolyn's Fashions". The Chancery Clerk filed and indexed the Financing Statement under "C" (Carolyn), and not under "H" (Hill). The Trustee contends that the filing of the Financing Statement giving only the debtor's trade name, without cross filing or cross indexing under the debtor's individual name was not sufficient to give the bank a perfected security interest in the Bankrupt's inventory. The Bank contends that the filing and indexing of the Financing Statement under the trade name was sufficient to give constructive notice to the public generally, since the bankrupt had been doing business under the same trade name in the same location for the two year period prior to bankruptcy.

During the course of the bankruptcy proceedings, the parties agreed that the inventory might be sold and the Bank's claim, if any, transferred to the proceeds of sale. This was done. The inventory was sold at private sale for $3,500.00.

After a hearing, the Referee denied the Bank's claim and the proceeds of sale were awarded to the Trustee.

The Referee was called upon to decide a similar issue in a previous case, In Re Hankins, EBK 71–136 (decided March 23, 1972), and in sustaining the Trustee's claim to the funds, followed the previous opinion. The Referee cites several cases supporting his view that the Financing Statement in the case sub judice is not in substantial compliance with the pertinent provisions of the Mississippi Uniform Commercial Code (Special Supplement to Miss.Code Ann.) §

41A:9–401 et seq.[1], and that the filing thereof did not give the Bank a perfected security interest in the bankrupt's inventory. Among the cases relied upon by him are: In re Leichter, 471 F.2d 785 (2nd Cir. 1972) and In re Thomas, 466 F.2d 51 (9th Cir. 1972). Both of these cases involved state Uniform Commercial Codes which contain provisions similar to the pertinent provisions of Mississippi Code. In re Leichter involved the New York Code, and In re Thomas the California Code.

In re Thomas, the court held, under circumstances similar to those existing in the case sub judice "that the omission of a debtor's real name is a fatal defect"[2], and that the trustee was entitled to challenge the validity of the asserted security interest. To the same effect is In re Leichter. The debtor in *Leichter* signed as "Landman Dry Cleaners, by Matthew R. Leichter". The financing statement was indexed only under the name Landman Dry Cleaners and not under Leichter's own name. In discussing this issue the court said:

> [w]ould a subsequent creditor looking under "Leichter" be led to find the security interest filed and indexed under "Landman"? We think not, even though Leichter apparently did his business under the trade name (Citations omitted). In re Thomas, 466 F. 2d 51 (9th Cir. 1972). As the court there said, "If the debtor's name is not given, the purpose of the statutory scheme of requiring security interest to be perfected by filing a financing statement—to give notice to future creditors of the debtor—would be seriously underminded." 466 F.2d at 52.[3]

1. Section 41A:9–402(1), provides in pertinent part:

 "[a] financing statement is sufficient if it is signed by the debtor . . . [and] gives a mailing address of a debtor".

 Section 41A:9–402(3) provides in pertinent part:

 "A form substantially as follows is sufficient to comply with subsection (1):
 Name of debtor (or assignor)
 . . . .
 Address . . . . ."

2. 466 F.2d at 52.

3. 471 F.2d at 787.

In the action sub judice, the debtor's last name is "Hill". Would a subsequent creditor be led to find the Bank's security interest filed and indexed under "Carolyn's" (Carolyn's Fashions), or "Sample" (Sample Showcase) or "Fashion" (Fashion Showcase)? The court does not think so, and is in accord with the Referee's finding that the failure to give the bankrupt's true name, Hill, on the Financing Statement constituted a fatal defect, rendering the Bank's claim unenforceable as against the Trustee.

The Referee's Finding and order denying the Bank's claim to the fund in question should and will be affirmed.

An appropriate order will be entered by the court.