**In re Harold Dean WALLACE and Joy Faye Wallace, Debtors.**

**Bankruptcy No. FS 84–256M.**

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

March 13, 1986.

**55**

Ben T. Barry, Fort Smith, Ark., for debtors.

James Maurice Rogers, Little Rock, Ark., for J.I. Case Credit.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

### I

### FACTS

The debtors, Harold Dean and Joy Faye Wallace, filed a proposed plan of reorganization under the provisions of Chapter 11. J.I. Case Credit Corporation (Case Credit) voted to reject the plan. At the confirmation hearing the parties entered into certain stipulations and agreements depending on the outcome of the Court's decision on whether Case Credit's claim is secured or unsecured. The issue the parties have asked the Court to determine is whether the claim of Case Credit is a secured or unsecured claim. The plan has treated the claim as unsecured.

The debtors are husband and wife, whose names are Harold Dean and Joy Faye Wallace. Since 1982, the debtors have operated their business under the name of Barling Hardware and sometimes under the name of Barling Hardware and Const. The debtors' place of business bears a sign identifying the business as "Barling Hardware." The debtors have never incorporated the business nor has any written partnership agreement been executed.

On July 15, 1983, one of the debtors, Harold Wallace, executed a security agreement in connection with the purchase of a Case Credit 480D loader backhoe, Serial No. 9050732. The security agreement identified the seller as Aces, Inc.,[1] and the buyer as Barling Hardware. The document was signed "Barling Hardware by Chuck Wallace." The security agreement was made to secure a principal debt of $17,941.00. Financing statements were prepared identifying the debtor as "Barling Hardware" and the secured party as "Aces, Inc." The financing statements were executed "Barling Hardware by Chuck Wallace" as debtor. Financing statements were filed with the Secretary of State on August 2, 1983, and with the Circuit Clerk of Sebastian County, Arkansas, Fort Smith Division, on August 2, 1983. Sebastian County, Arkansas, has two county seats, Fort Smith and Greenwood. Ark. Const. art. XIII, § 5; Ark. Stat.Ann. § 17–3202 (Repl.1980). The debtors' residence and place of business were located within the Greenwood district of Sebastian County at all relevant times.

On February 29, 1984, Harold Wallace executed a security agreement in connection with the purchase of a Case Credit 480D loader backhoe with 24-inch bucket, Serial No. 9070911. The security agreement identified the seller as "Aces, Inc.," and the buyer as "Barling Hardware and

---

1. The parties stipulated that Case Credit held a valid assignment of the commercial paper from Aces, Inc., in this transaction.

Const." ` The security agreement was executed "Barling Hardware and Const. by Chuck Wallace." The security agreement was made to secure a principal debt of $23,250.00. Financing statements were prepared identifying the debtor as "Barling Hardware and Const." and were executed "Barling Hardware and Const. by Chuck Wallace." Financing statements were filed March 8, 1984, with the Arkansas Secretary of State and March 15, 1984, with the Circuit Clerk of Sebastian County, Arkansas, Greenwood District. The bankruptcy petition was filed October 23, 1984.

## II

## CLAIM OF CASE CREDIT

A debtor-in-possession under Chapter 11 has all of the rights and powers of a trustee. 11 U.S.C. § 1107(a). A debtor-in-possession, therefore, has the status granted a trustee under 11 U.S.C. § 544 of a judgment lien creditor whose lien is perfected under state law as of the commencement of the case. At the moment this petition was filed the debtor-in-possession on behalf of unsecured creditors of the estate had a cause of action to avoid Case Credit's lien unless Case Credit's lien was perfected under state law prior to the petition. *In re Shuster,* 47 B.R. 920 (D.Minn.1985); 4 *Collier on Bankruptcy* ¶ 544.01 (15th ed. 1985).

Ark.Stat.Ann. § 85–9–402 (Cum.Supp. 1985) provides in pertinent part:

(1) A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral. A financing statement may be filed before a security agreement is made or a security interest otherwise attaches. When the financing statement covers crops growing or to be grown, the statement must also contain a description of the real estate concerned. When the financ-

ing statement covers timber to be cut or covers minerals or the like (including oil and gas) or accounts subject to subsection (5) of Section 9–103, or when the financing statement is filed as a fixture filing (Section 9–313) and the collateral is goods which are or are to become fixtures, the statement must also comply with subsection (5).

(7) A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or names of partners. Where the debtor so changes his name or in the case of an organization its name, identity or corporate structure that a filed financing statement becomes seriously misleading, the filing is not effective to perfect a security interest in collateral acquired by the debtor more than four (4) months after the change, unless a new appropriate financing statement is filed before the expiration of that time. A filed financing statement remains effective with respect to collateral transferred by the debtor even though the secured party knows of or consents to the transfer.

(8) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

For a financing statement to be valid it must give the name of the debtor and must be signed by the debtor. *In re B. Hollis Knight Co.,* 605 F.2d 397 (8th Cir.1979); *In re Answerfone, Inc.,* 48 B.R. 24 (Bkrtcy.E. D.Ark.1985); *Security Tire and Rubber Company v. Hlass,* 246 Ark. 1113, 441 S.W.2d 91 (1969).

█ The financing statements here identify the debtors by their trade names, "Barling Hardware and Barling Hardware and Const," and not by their individual names. This Court is unaware of any Arkansas Supreme Court case or Arkansas Court of Appeal case addressing the issue of whether a financing statement sufficiently describes the debtor. Cases from other juris-

dictions which have considered this issue under the Uniform Commercial Code provisions similar to Ark.Stat.Ann § 85–9–402 (Cum.Supp.1985) have held that if a debtor is identified by a trade name on the financing statement rather than a debtor's individual name, and if the difference is seriously misleading, the requirements of Section 9–402 of the Uniform Commercial Code have not been met. *In re Thomas,* 466 F.2d 51 (9th Cir.1972); *In re Hill,* 363 F.Supp. 1205 (N.D.Miss.1973); *Matter of Fowler,* 407 F.Supp. 799 (W.D.Okla.1975) *In re Platt,* 257 F.Supp. 478 (E.D.Pa.1966). The ability of a financing statement to give notice of a security interest to creditors is the key factor. *Matter of Rieber,* 740 F.2d 10 (8th Cir.1984). The question is whether these financing statements sufficiently identify the debtors, Harold Dean and Joy Faye Wallace.

Financing statements are indexed according to the name of the debtor. Ark.Stat. Ann. § 85–9–403(4) (Cum.Supp.1985). These financing statements would be indexed according to statute under Barling Hardware or Barling Hardware and Const and not Wallace. Without actual knowledge that Barling Hardware was a trade name for Harold Dean and Joy Faye Wallace, a creditor would have to examine every document filed in the Clerk's office in every business name for the past five years to locate financing statements signed individually by the debtors. Obviously the system could not function under these circumstances. Clearly these financing statements do not sufficiently identify the debtors, Harold Dean and Joy Faye Wallace.

Case Credit cites *In re McBee,* 714 F.2d 1316 (5th Cir.1983) in support of its position that the financing statement filed under the trade name was not seriously misleading. In *McBee* the financing statement was filed under the name of "C.K. McBee d/b/a Oakhill Gun Shop." The opinion does not state how the financing statement was indexed, but presumably it was indexed under the trade name, Oak Hill Gun Shop. Despite the inadequacy of individual and tradename relationship, the Court found that use of the trade name, Oak Hill

Gun Shop, was sufficient identification of the debtor, C.K. McBee, and, therefore, not seriously misleading.

With great respect to the Court in *McBee,* the opinion misconstrues the effect of 11 U.S.C. § 544. The Court in *McBee* considered that "a reasonably prudent creditor—as we assume for purposes of the law is the trustee—" would have searched the record under the trade name Oak Hill Gun Shop before extending a loan related to that business and a loan collateralized by property of that business. In *McBee* the court imputed knowledge of facts not disclosed by a search of the index including the fact that the trade name was the name used by the debtor in a business. This incorrectly states the status of the trustee under 11 U.S.C. § 544. This section gives the trustee the status of a judgment lien creditor who has perfected his lien under state law prior to bankruptcy. *In re Larter, N.V.,* 49 B.R. 751 (Bkrtcy.S.D.Fla. 1985); *In re Taylor,* 43 B.R. 524 (Bkrtcy.N. D.Ala.1984); 4 *Collier on Bankruptcy* ¶ 544.01 (15th ed. 1985). Section 544 also gives this status to the trustee "without regard to any knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a). Despite § 544, the trustee was given a duty to inquire whether the filing of a security agreement and financing statement of the individual debtor could possibly be filed under a trade name since the trade name was consistently used and well known to other creditors, since the loan was for a business purpose, and since other creditors knew of the recent change in business ownership.

Case Credit also argues that the Court should consider that Barling Hardware is the name of a partnership between Mr. and Mrs. Wallace and validate the financing statement as being one filed in the name of the partnership. There is absolutely no evidence in the record indicating the existence of a partnership. A partnership entity cannot be created retroactively in order to validate an otherwise invalid financing statement.

The filing of the financing statement under the trade name of the debtors is found to be seriously misleading. The lien of Case Credit is determined to be unperfected.

## III

## CONFIRMATION

For a Chapter 11 plan of reorganization to be confirmed all of the requirements of 11 U.S.C. § 1129(a) must be met except 11 U.S.C. § 1129(a)(8) which provides that each class must accept the plan or be unimpaired. A plan may still be confirmed over the dissent of one or more classes of impaired claims if the plan complies with the cramdown standards set forth in 11 U.S.C. § 1129(b) and all other requirements of 11 U.S.C. § 1129(a).

In addition to any objection raised by creditors, the Court has a mandatory independent duty to determine whether the plan has met all of the requirements necessary for confirmation. *In re Coastal Equities, Inc.,* 33 B.R. 898 (Bkrtcy.S.D.Cal. 1983); *In re White,* 41 B.R. 227 (Bkrtcy.M. D.Tenn.1984); *Matter of Nikron, Inc.,* 27 B.R. 773 (Bkrtcy.E.D.Mich.1983).

Based on the record, the plan still cannot be confirmed. The Court has no evidence as to whether the class of unsecured creditors (Class IX) accepted or rejected the plan. The stipulation only states that if Case Credit is found to be unperfected that it should be deemed to have voted to reject the plan. The plan does not place Case Credit in a class, although the stipulation places Case Credit in Class IX. The Court must determine if Class IX voted to accept. If it did not, the plan can only be confirmed by the cramdown provisions of 11 U.S.C. § 1129(b)(2)(B)(i) and (ii).

Confirmation is, therefore, denied. The debtors have thirty days from the entry of this Memorandum Opinion and Order of this same date to file a modified plan or the case will be dismissed.