FARM CREDIT MIDSOUTH, PCA, Farm Credit Midsouth, FLCA *v.* REECE CONTRACTING, INC., Reece's Arkansas Pride Catfish, James A. Reece, Barbara E. Reece, Kyle Allen Reece, Rhonda Reece, James T. Reece, and Fidelity National Bank

04-121                                         196 S.W.3d 488

Supreme Court of Arkansas
Opinion delivered October 28, 2004

*Barrett &Deacon*, by: *Ralph W. Waddell, D.P. Marshall, Jr.*, and *Leigh M. Chiles*, for appellant.

*W. Frank Morledge, P.A.*, for appellee.

JIM HANNAH, Justice. Farm Credit Midsouth, PCA, appeals from an October 28, 2003, judgment on the counterclaim of Fidelity National Bank entered in the St. Francis County Circuit Court. Farm Credit asserts that the circuit court erred in finding that Fidelity perfected a security interest in certain heavy equipment that

entitled Fidelity to the proceeds of the sale of the equipment. We hold that Fidelity failed to perfect a security interest. This case is reversed and remanded for further consideration consistent with this opinion. We have jurisdiction pursuant to Ark. Sup. Ct. R. 1-2(b)(1)(5) and (6).

*Facts*

This case involves a dispute over the proceeds from the sale of heavy equipment. The equipment was sold pursuant to a court order in a foreclosure and replevin action filed by Farm Credit against Reece Contracting, Inc., and several individuals in the Reece family. Reece Contracting defaulted on a number of promissory notes held by Farm Credit and one promissory note held by Fidelity. At the time Farm Credit filed its Complaint in Foreclosure and for Replevin, on June 12, 2001, Reece Contracting had accumulated about $2,600,000 in debt with Farm Credit, which Farm Credit alleged was secured by various collateral including the heavy equipment at issue and sold in this case. About two weeks before Farm Credit filed its complaint, Reece Contracting borrowed $439,380.34 from Fidelity National Bank, and Fidelity alleges that the five pieces of heavy equipment sold at auction were pledged as collateral on its promissory note.[1] Fidelity was brought into this case by the First Amendment to Complaint in Foreclosure and for Replevin filed December 12, 2001, because Farm Credit learned that Fidelity might claim a right to certain heavy equipment.

Under a foreclosure decree entered April 24, 2002, collateral, including the subject heavy equipment, was ordered sold. The heavy equipment that both Farm Credit and Fidelity claim a right to included one hydraulic excavator and four forty-ton articulated dump trucks. At auction, these five pieces of equipment brought $221,000, and the dispute in this case is over who has the right to the $221,000.

Farm Credit stipulated that it held no perfected security interest in the five pieces of equipment, but alleged it had a right to the equipment because it had a prior superior claim on the equipment. Farm Credit's loans utilizing the five pieces of equipment as collateral predated Fidelity's loan. Fidelity, on the other

---

[1] The five pieces of equipment pledged as collateral to the Farm Credit and Fidelity notes were owned by James A. Reece and Barbara E. Reece.

hand, argued that although its loan was issued later in time, its right to the equipment trumped Farm Credit's claim because Fidelity held a perfected security interest in the five pieces of equipment.

The circuit court entered a judgment in favor of Fidelity, concluding in relevant part:

8. That, the security interest of Fidelity in the equipment was perfected by filing Financing Statements covering the equipment both with the Arkansas Secretary of State and with the Circuit Court Clerk of St. Francis County, Arkansas;

9. That, the security interests of Fidelity in the equipment was a good and valid security interest, fully enforceable, and superior to any interest of Farm Credit in the equipment;

### Standard of Review

The counterclaim at issue in this appeal was tried to the bench on April 22, 2003. Post-trial briefs were filed by both parties, and a decision was then made by the circuit court. The decision is set out in the October 28, 2003, judgement, which incorporates an August 29, 2003, letter opinion.

■ With respect to matters tried with the circuit court sitting as the trier of fact, this court in *Chavers v. Epsco, Inc.*, 352 Ark. 65, 98 S.W.3d 520 (2003), recently stated:

In bench trials, the standard of review on appeal is not whether there is substantial evidence to support the finding of the court, but whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. Ark.R.Civ.P. 52(a) (2002); *Reding v. Wagner*, 350 Ark. 322, 86 S.W.3d 386 (2002); *Shelter Mut. Ins. Co. v. Kennedy*, 347 Ark. 184, 60 S.W.3d 458 (2001). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Sharp v. State*, 350 Ark. 529, 88 S.W.3d 348 (2002). Disputed facts and determinations of credibility are within the province of the fact-finder. *Sharp, supra; Pre-Paid Solutions, Inc. v. City of Little Rock*, 343 Ark. 317, 34 S.W.3d 360 (2001).

*Chavers*, 352 Ark. at 69-70.

### Perfected Security Interest

The Security Agreement section of Fidelity's Promissory Note and Security Agreement to Fidelity provides that the loan is

secured by property set out on an "ATTACHED LIST." The subject five pieces of heavy equipment sold are the first five items on the "ATTACHED LIST." A "THIRD PARTY AGREEMENT" was included as part of the Promissory Note and Security Agreement and provided that while Barbara E. Reece was not personally liable to repay the loan, she did grant a security interest in the property on the "ATTACHED LIST."

Farm Credit admits it does not have a perfected security interest. Fidelity alleges that it has a perfected security interest in the equipment. "A perfected security interest prevails over a non-perfected security interest, even if the perfecting party had notice of the prior interest when he took his security interest." *In re Ace Management, LLC.,* 271 B.R. 134, 152 (E.D. Ark. 2001). Therefore, if Fidelity's security interest was a perfected interest, it would prevail over Farm Credit's interest.

"Under Article 9 of the UCC, two documents are needed to create a perfected security interest in a debtor's collateral: a 'security agreement' giving the creditor an interest in the collateral and a filed 'financing statement' providing notice to other creditors that a security is claimed in the collateral." *In re Outboard Marine Corp.,* 300 B.R. 308, 319 (N. D. Ill. 2003). In the case before us, we have both a security agreement and a financing statement. The financing statement was filed with the Secretary of State's office and the St. Francis County Clerk's Office. However, Farm Credit alleges there is no perfected security interest because Barbara E. Reece did not sign the financing statement.

According to the security agreement, Barbara E. Reece held a personal interest in the subject five pieces of equipment. A financing statement must include the name of the debtor and be signed by the debtor. *In re Answerfone,* 48 B.R. 24 (E.D. Ark. 1985); *see also* Ark. Code Ann. § 4-9-402 (Supp. 1997). The financing statement is signed by James A. Reece on behalf of Reece Contracting, Inc. Barbara's name is not on the financing statement, nor is her signature on the financing statement.[2]

---

[2] We note that Barbara E. Reece's signature appears on the "ATTACHED LIST" to the Security Agreement, and that a copy of the "ATTACHED LIST" is appended to the filed Financing Statement. However, appending the "ATTACHED LIST" containing Barbara E.

■   Although as stated in the security agreement, Barbara was not personally liable on the loan, she did pledge her interest in the equipment as collateral in which she held a personal interest. Because Barbara pledged collateral, she is a debtor under Arkansas secured transactions law. Ark. Code Ann. § 4-9-105(1)(d) (Supp. 1997); *see also Davison v. Citizens Bank of Nevada Missouri*, 738 F.2d 931 (8th Cir. 1984). Thus, for purposes of determining whether the security interest was perfected, Barbara is a debtor.

■   "The purpose of a financing statement is to alert third parties to the existence of a security interest in property held by a debtor." *Fifth Third Bank v. Comark, Inc.*, 794 N.E.2d 433, 436 (Ind. 2003). In other words, a person should be able to review the filed financing statements and be put on notice of the existence of a security interest in a debtor's property. To achieve this required notice, a financing statement must provide the name of the debtor and be signed by the debtor. *In re Wallace*, 61 B.R. 54 (W.D. Ark. 1986). Arkansas Code Section 4-9-402(1) (Supp. 1997) provides in pertinent part: "A financing statement is sufficient if it gives the names of the debtor and the secured party, and is signed by the debtor. . . ." In Arkansas, financing statements are indexed by the name of the debtor. *Wallace, supra*. Therefore, it is clear that the debtor's name must appear on the financing statement. Additionally, it is required that the debtor sign the financing statement. *Id.*

■   Barbara's name does not appear on the financing statement. She did not sign it. The financing statement was therefore insufficient. A search of the financing statements would not put an interested person on notice of the security interest.

### Lien Creditor

■■   Farm Credit asks this court to determine in the first instance whether it enjoys the status of lien creditor and on that basis whether it or Fidelity is entitled to the proceeds of the sale. Because the circuit court erroneously found Fidelity had a perfected security interest, the question of which party prevailed in the absence of the perfected security interest was not decided by the circuit court. With certain exceptions not relevant to this

---

Reece's signature to the Financing Statement did not result in her appearing as a debtor in the index to the Financing Statements so as to allow an interested party to locate the pledge of her interest in the equipment.

discussion, this court has appellate jurisdiction only, which means that it has jurisdiction to review an order or decree of an inferior court. *Lewellen v. Sup. Ct. Comm. on Prof. Conduct*, 353 Ark. 641, 110 S.W.3d 263 (2003). There is no circuit court order for this court to review on Farm Credit's status with respect to Fidelity now that this court has declared that Fidelity has no perfected security interest.

Accordingly, we reverse and remand for further proceedings.