SLIP OPINION     Cite as 2014 Ark. App. 222



# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-447

| | |
|---|---|
| | **Opinion Delivered** April 9, 2014 |
| JOHN BRUCE MCNEILL<br>APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CV-2011-427-IV] |
| V. | |
| | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| LESLIE ROBBINS<br>APPELLEE | AFFIRMED |

## BRANDON J. HARRISON, Judge

In this dispute between a mother and her son over ownership of certain real property, John McNeill appeals from the order of the Garland County Circuit Court that denied his petition for partition, imposed an implied trust, and declared Leslie Robbins the sole owner of the properties. We affirm the order of the circuit court.

In 2004, Robbins conveyed to herself and McNeill, as joint tenants with right of survivorship, six parcels of rental property located in Garland County. These were rental properties that Robbins had previously acquired solely in her name. A seventh property was purchased shortly thereafter and jointly titled.

On 22 April 2011, McNeill filed a petition for partition of these seven properties. He also requested a restraining order to prevent Robbins from collecting and retaining rent. Robbins answered the petition and claimed that the properties were owned solely by her but that she had added McNeill's name to the deeds to allow him to gain credit to purchase other

property and to pass the property to him outside of probate upon her death. Robbins also counterclaimed for declaratory judgment for the properties to remain in her name, not subject to partition, and that McNeill's name be removed from the deeds. In November 2012, Robbins amended her counterclaim for declaratory judgment, asserting that by placing McNeill's name on the property, she made him a constructive trustee, and requesting that the constructive trust be dissolved.

Following a hearing, the court requested that both parties submit proposed findings of fact and conclusions of law. Both parties did so. By letter opinion dated 24 January 2013, the court adopted Robbins's proposed findings as its own. The order memorializing the ruling was entered on 1 February 2013.

The court found that, by placing McNeill's name on the deeds, Robbins did not intend for McNeill to have any beneficial interest but to act as an administrator if she died. The court found that the sole property purchased in both names had been purchased with Robbins's money and that McNeill provided no consideration for the purchase and had paid no expenses relating to any of the properties. The court found that a constructive trust existed and ordered McNeill to relinquish any claim of ownership and to execute all deeds necessary to carry out its order. In the alternative, the court found that Robbins retained ownership of the property due to a resulting trust and ordered that the deeds be set aside. The court denied McNeill's petition for partition. McNeill appealed.

On appeal, McNeill contends that (1) the court clearly erred in refusing to order partition of the property jointly owned by the parties; (2) there is no basis in law or the facts

to rescind the deeds to Robbins; (3) the court erred in finding that the parties did not have a partnership; (4) the court erred in finding that tenants of the rental properties were necessary parties to his partition action; and (5) the court erred in finding that a constructive trust or a resulting trust existed in favor of Robbins.

We address McNeill's last argument—the implied-trust issue—first. The term "implied trust" encompasses constructive trusts and various types of resulting trusts. *See Edwards v. Edwards*, 311 Ark. 339, 843 S.W.2d 846 (1992). A constructive trust arises in favor of persons entitled to a beneficial interest against one who secured legal title either by an intentional false oral promise to hold the title for a specified purpose, or by violation of a confidential or fiduciary duty, or is guilty of any other unconscionable conduct that amounts to a constructive fraud. *Id.* A resulting trust arises when one disposes of property under circumstances raising an inference that he or she does not intend that the putative grantee should have a beneficial interest in the property. *Id.*

In general, a resulting trust must be proved by clear and convincing evidence. *Edwards, supra.* But, the question on appeal is not whether we are convinced that clear and convincing evidence supports the circuit court's findings. Instead, we determine whether the findings are clearly erroneous. *Hearne v. Banks*, 2009 Ark. App. 590, 376 S.W.3d 444. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *Farm Credit Midsouth, PCA v. Reece Contracting, Inc.*, 359 Ark. 267, 196 S.W.3d 488 (2004). Disputed facts and determinations of credibility are within the province of the fact-finder. *Id.*

SLIP OPINION

At the hearing, McNeill said that Robbins and his father had paid for the properties prior to 2004 and that he did not provide any money for their purchase. His sole contribution was "sweat equity"; he would help maintain and repair the properties. McNeill never reported income from the rental of the seven properties on his tax returns. McNeill admitted that he had not filed partnership returns. And, he acknowledged that he had never found the rental tenants or signed the leases for the properties, never paid the taxes or insurance premiums for the properties, and never paid for the expenses for the properties. All these payments came from Robbins.

Robbins testified that she had transferred the six properties from her name to joint ownership with McNeill to assist him in building capital and procuring other properties on his own and that she never intended to create a partnership with him or provide him with a present legal interest in the properties. When McNeill's purchase of other properties did not materialize, Robbins explained, she left his name on the properties "because he would have inherited it anyway." She testified that she still intended for McNeill to inherit the properties in full but did not want to give up her present interest in them.

In its order, the circuit court found that Robbins had no intention of transferring present legal title or a beneficial interest to her son when she transferred the properties from her sole name to a joint tenancy, as evidenced by the parties' treatment of the properties over the next seven years. The court concluded that a resulting trust was created, that McNeill's only interest in the property was as a trustee, and that he had violated his duties as trustee by pursuing the partition action. Based on our deference to the circuit court's resolution of

4

disputed facts and determination of credibility, we cannot say the court clearly erred in this finding. Therefore, we affirm on this point. Because we affirm the court's imposition of a resulting trust, we need not address McNeill's argument concerning the constructive trust.

Our resolution of this issue also supports affirming the court's denial of McNeill's partition petition. McNeill argues that the court erred in denying his petition for partition because the 2004 deed clearly gave him an interest in the property that would support partition. But, McNeill's discussion of the canons for construing deeds and other conveyances misses the point of what an implied trust is—an equitable remedy designed to disregard the legal title. And as discussed above, the court did not clearly err in imposing a resulting trust and denying the petition for partition.

Next, McNeill argues that the circuit court erred in rescinding the 2004 deeds that created the joint tenancy. The court did not order rescission in this case. Rescission was neither raised nor ruled on below. We will not address an argument on appeal if it has not been argued before the circuit court or if a party has failed to obtain a ruling from that court. *Simpson Housing Solutions, LLC v. Hernandez*, 2009 Ark. 480, 347 S.W.3d 1.

McNeill next argues that, as a matter of law, he and Robbins had a partnership regarding the ownership, rental, and maintenance of the properties. McNeill argues that "Robbins never once denied that it was her intent to put her son in business with her, help him develop 'capital' to get a rental business going and that that was the purpose of the deed." According to McNeill, the partnership or business relationship with his mother existed "off and on, again, since 2000 potentially." He could not give a specific date other than to say that

5

the partnership existed prior to the May 2004 deed conveying an interest in the six properties to him. McNeill said that Robbins continued to perform the same duties relating to the properties as she had before the alleged 2004 agreement. He also admitted that he had never requested an accounting or division of the rents and profits.

Robbins denied that there was an agreement between the parties. She testified that she paid McNeill only as an employee and issued 1099s to McNeill. In its order, the circuit court found that there was no agreement between the parties. The court also found that Robbins had provided all the funds for the purchases of the properties and paid the taxes and that McNeill had produced no evidence that the parties divided profits or shared expenses.

We hold that the evidence sufficiently supports the circuit court's detailed findings that no partnership existed between the parties. The parties' actions do not show any intention to have a partnership involving the ownership of the seven properties; instead, the evidence shows that Robbins was the owner and treated the properties as her own. Because the question of the preponderance of the evidence turns largely on the credibility of the witnesses, we defer to the superior position of the circuit court. *C.A.R. Transp. Brokerage Co., Inc. v. Seay*, 369 Ark. 354, 255 S.W.3d 445 (2007). We affirm on this point too.

McNeill's final argument is that the court erred in dismissing his partition petition because he failed to name the tenants as parties. The court found that McNeill was merely a trustee, not a property owner, and thus was not entitled to partition or other relief pursuant

to Ark. Code Ann. § 18-60-401(a) (Repl. 2003).[1]  The court further found that, even if McNeill could maintain a partition action, the action would fail for several reasons: (1) failing to meet his burden of establishing that the properties cannot be divided due to great prejudice; (2) failing to show that a sale is necessary and based on the consent of the parties, report of the commissioners, and on evidence heard by the court; (3) failing to name several interested parties (the tenants); (4) land cannot be partitioned if the title is disputed.

Because we have affirmed the court's finding of a resulting trust and that McNeill was merely a trustee, we need not address this alternative basis for the court's ruling. In addition, the finding that the tenants were necessary parties was only one of several alternative bases for denying the partition petition, and when an appellant fails to attack a circuit court's independent, alternative basis for its ruling, we will not reverse. *See Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002); *Morehouse v. Lawson*, 90 Ark. App. 379, 206 S.W.3d 295 (2005).

Affirmed.

HIXSON and BROWN, JJ., agree.

*Jonathan D. Jones*, for appellant.

*The Farrar Firm*, by: *Philip B. Montgomery*, for appellee.

---

[1]This section states that only certain persons, such as those who hold as joint tenants, tenants in common, or holders of a dower interest, can maintain an action for partition.