N. MARK KLAPPENBACH, Judge
This appeal returns to us after we ordered supplementation of the record and the addendum. Pitchford v. City of Earle , 2019 Ark. App. 135, 2019 WL 947386. The deficiencies we identified have been corrected, and we now consider the merits of the appeal.
Appellant Frederick Lee Pitchford, pro se, appeals the April 16, 2018 orders of the Crittenden County Circuit Court that rendered judgment in favor of the City of Earle on Pitchford's numerous claims of wrongdoing by the city, its officials, and certain employees and that denied Pitchford's posttrial motion.[1] Appellant presents thirteen points on appeal. We affirm.
Between January and December 2016, Pitchford filed an original complaint and three amended complaints against the city. Pitchford purported to represent himself and "Other interested citizens ('taxpayers')" of Earle in his various complaints of wrongdoing in the procedures used to operate the city and of alleged improper use of taxpayer funds. In the January 2016 filing titled "Complaint Injunction of Budget," Pitchford wanted the city's 2016 budget to be frozen because he believed it had been created under an improper and fraudulent process in the December 2015 budget meeting. He also accused the city clerk of violating the Freedom of Information Act (FOIA) by failing to provide him a copy of the adding-machine tape and notes she took during that budget meeting. In the original complaint, Pitchford asked for an injunction against this alleged illegal exaction and misapplication of taxpayer funds.
Pitchford filed amended complaints, one in May 2016 and two in December 2016, to add numerous allegations, summarized as follows: (1) that city councilman Luckett had been appointed city inspector, holding two offices in violation of statute, and that the monies paid to Luckett should be returned; (2) that the city mechanic and police chief had been wrongfully terminated; (3) that a city vehicle had been observed in the parking lot of the dog-racing track, which was not city business, constituting an illegal exaction; (4) that the interim mayor should be enjoined and excluded from participating in the city council's consideration of the 2016 budget; (5) that he had lodged legitimate criticisms of city attorney Loftin with the city council, such *107 that Loftin's contract should have been terminated; (6) that city councilman Luckett wrongfully failed to send an inspection ticket to Entergy so that Pitchford's electricity would be turned on at his 1609 Carol Cloar Street property, constituting fraud, dishonesty, and denial of due process; and (7) that police sergeant Al Elberson had been improperly compensated for more hours than he was authorized to work, constituting an illegal exaction.
The matter was heard at a bench trial in December 2017. Pitchford called nine witnesses to support his various contentions.[2] At the conclusion of the bench trial, the circuit court took the matter under advisement. Approximately ten days later, Pitchford filed a document containing four requests: (1) seeking to hold the mayor in contempt for failing to attend the trial; (2) seeking a hearing to determine whether councilman Luckett and the city clerk had committed perjury during the trial; (3) seeking reconsideration of his desire to call city attorney Loftin as a witness, which the circuit court had denied during trial; and (4) seeking to have the circuit court consider additional evidence related to Sgt. Elberson's work hours and pay. The circuit court entered two orders in April 2018 denying and dismissing all of Pitchford's requests. This appeal followed.
In bench trials, the standard of review on appeal is not whether there is substantial evidence to support the finding of the court but whether the court's findings were clearly erroneous or clearly against the preponderance of the evidence. Farm Credit Midsouth, PCA v. Reece Contracting, Inc. , 359 Ark. 267, 271, 196 S.W.3d 488, 490 (2004). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. Id. Disputed facts and determinations of credibility are within the province of the fact-finder. Id.
In his first point on appeal, Pitchford argues that the circuit court erred by not requiring the repayment of taxpayer funds remitted to councilman Luckett for pay as "De Facto City inspector" because Luckett, by statute, could not hold two offices and be paid for both. The circuit court agreed that Luckett at some point violated the statute precluding a person from holding two city offices but noted that trial testimony showed that Luckett had helped the city inspector for about two years at no charge. The circuit court stated, however, that Pitchford offered no evidence to support what, if any, amount was paid to Luckett for city-inspector services. The circuit court did not clearly err on this point because Pitchford presented no proof of misappropriation of taxpayer funds.
In points two and three on appeal, Pitchford asserts that the city attorney and the city council "failed to do their specifically enjoined duties, under different authority" when the city terminated the employment of the city's mechanic (Lee Johnson) and police chief (Tyrone Smith). The circuit court found, and we agree, that Pitchford presented no evidence of damages to him or other taxpayers flowing from the termination of these two men and *108 that Pitchford has no standing to generally assert procedural irregularities concerning the alleged wrongful termination of Mr. Johnson and Mr. Smith. The general test for standing is whether the plaintiff has suffered an adverse impact. Summitt Mall Co., LLC v. Lemond , 355 Ark. 190, 132 S.W.3d 725 (2003). Pitchford's generalized complaints do not equate to an adverse impact on Pitchford or other citizens. Pitchford, therefore, fails to demonstrate error in the circuit court's findings on these allegations.
In point four on appeal, Pitchford contends that the circuit court erred by not finding an improper use of taxpayer funds due to the mayor's driving a city vehicle to Southland Park for noncity business. The mayor was not in attendance at the trial and, consequently, was not called as a witness.[3] The circuit court found that Pitchford failed to present any evidence at trial to support this claim and failed to present evidence of monetary damage. We agree that in the absence of any evidence of monetary damage, the circuit court did not err in rejecting this claim by Pitchford.
In point five on appeal, Pitchford argues that the circuit court erred by not finding that the city improperly allowed the interim mayor to be present and participate in the discussions about the 2016 budget. The circuit court ruled that Pitchford was asking for an injunction to stop the interim mayor's participation but that the issue was moot, the meeting having occurred in December 2015. As a general rule, the appellate courts of this state will not review issues that are moot. Cotten v. Fooks , 346 Ark. 130, 55 S.W.3d 290 (2001). To do so would be to render advisory opinions, which our appellate courts will not do. Id. A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. Id. We agree with the circuit court that the interim mayor's participation in the budget meeting at the end of 2015 had come and gone, and no ruling would have had any effect, so this issue was moot. See also Stromwall v. Van Hoose , 371 Ark. 267, 265 S.W.3d 93 (2007).
In point six on appeal, Pitchford argues that the circuit court erred by not finding that the city clerk's destruction of the adding-machine tape amounted to a violation of the FOIA. Our FOIA statutes define what public records are, and the definition includes those records that are "required by law to be kept or otherwise kept." Ark. Code Ann. § 25-19-103(7)(A) (Supp. 2017). The circuit court referred to the city clerk's testimony that she generated the tape during the December 22, 2015 budget meeting, but she threw it away, and Pitchford did not request it until December 28. The city clerk testified that the relevant numbers had been recorded on other budget-meeting documents, the adding-machine tape was not meaningful nor was it something the city ever kept, and she gave Pitchford everything she had when he asked for it. The circuit court concluded that Pitchford had failed to present any legal authority to demonstrate that the city clerk was required to keep "every scrap of paper," and he failed to show how this was a violation of any FOIA law. We defer to any credibility determinations made by the circuit court, Pitchford failed to prove that the adding-machine tape was required to be kept, and thus *109 Pitchford has failed to demonstrate clear error on this point.
In point seven on appeal, Pitchford asserts that the circuit court clearly erred in not finding that the city should have terminated the city attorney's contract for his various failures to advise the city on proper procedure. At trial, though, Pitchford failed to present any evidence to support his claim of "fraudulent representation" or "non-feasance in office" by the city attorney in his professional advice to the city. Pitchford had asked the circuit court for permission to call the city attorney, Mr. Loftin, to the stand, but the circuit court denied that request because Mr. Loftin was representing the city at the bench trial. The circuit court also found that Pitchford had failed to state a cause of action for malpractice through his generalized complaints about Mr. Loftin and had failed to present any evidence to support his assertions; therefore, it denied Pitchford relief on that request. We agree with the circuit court that there is a complete absence of evidence to support Pitchford's claims of dereliction of duty by Mr. Loftin toward the city. On this point, in the absence of any evidence to support his claims, the circuit court did not clearly err.
In point eight on appeal, Pitchford argues that the circuit court erred by not finding that councilman Luckett failed to fax an electrical-inspection ticket to Entergy so that electrical service could start at 1609 Carol Cloar Street. Pitchford claimed that this constituted fraud, dishonesty, and denial of due process. Luckett testified that there was no existing address at 1609 but that the closest address was 1601, so that is where the fax directed Entergy to start service.[4] The circuit court found that this demonstrated, at worst, an honest mistake due to confusion. The circuit court did not clearly err in not finding "fraud, dishonesty, and denial of due process," so we hold that Pitchford fails to demonstrate reversible error on this point.
Points nine and thirteen on appeal both concern the alleged wrongfully paid overtime to Sgt. Elberson. Pitchford claims that Elberson was not permitted to work more than twenty hours per week but was paid $ 3,497.50 for overtime, which should be returned to the city coffers. The extent of Elberson's testimony at trial was that he was a part-time employee permitted to work twenty hours per week. The city clerk testified that she had asked the proper authorities whether and how Elberson should be paid for "comp time" and that she followed that protocol in line with the instructions she was given. No hours or pay figures were submitted into evidence in any form at trial. The circuit court found in the judgment on appeal that Pitchford had failed to present any evidence at trial to substantiate the overtime hours allegedly paid to Elberson, rendering this claim to lack evidence. With no evidence to support his claim, Pitchford cannot demonstrate reversible error in the circuit court's order denying him any relief on this claim.
In his posttrial motion filed about a week after the trial, Pitchford asked the circuit court to consider the attached pay records for Elberson that evidenced 349.75 hours of overtime paid at ten dollars an hour. In denying the posttrial motion, the circuit court noted that Pitchford had ample time to prepare for trial and to present the evidence he desired at trial, but Pitchford's request to submit additional evidence *110 came too late. Pitchford does not present any argument or authority on appeal that the circuit court's denial of accepting this additional evidence tendered after trial was in error. We will not consider arguments that are unsupported by citation to legal authority or convincing argument. Stromwall , supra . Pitchford has thus failed to demonstrate any reversible error in the circuit court's rejection of his posttrial motion on that issue.
Pitchford argues points ten and eleven together, which concern his posttrial requests seeking to hold the mayor in contempt for failing to attend the trial and seeking a hearing to determine whether councilman Luckett and the city clerk had committed perjury during the trial. The circuit court rejected the contempt request on the basis that the mayor was not properly subpoenaed to attend trial, a ruling not contested on appeal. The circuit court rejected the request for a hearing to determine whether Luckett and Connor had committed perjury on the basis that this was a factually unsupported allegation and that those witnesses were subjected to examination at trial to determine the truthfulness of their testimonies. Pitchford does not present compelling argument or applicable legal authority to support that the circuit court erred in either ruling. We do not consider assertions of error that are unsupported by convincing legal authority or argument, unless it is apparent without further research that the argument is well taken. See Louisiana v. Joint Pipeline Grp. , 2010 Ark. 374, 373 S.W.3d 292 ; Hanks v. Sneed , 366 Ark. 371, 235 S.W.3d 883 (2006). Pitchford presents authority for the general proposition that a citizen has a constitutional right to sue to protect his and other citizens' rights against enforcement of illegal exactions by a governmental entity. See Samples v. Grady , 207 Ark. 724, 182 S.W.2d 875 (1944). This general proposition does not address the specific rulings regarding contempt and perjury.
In point twelve on appeal, Pitchford asserts that the circuit court erred in denying his request at trial to call city attorney Loftin as a witness because Loftin was a named defendant in this lawsuit. The circuit court refused to permit Loftin to be called as a witness because he was the attorney of record for the city at this bench trial and because Pitchford had failed to assert a cognizable cause of action against the city for not terminating Loftin's contract.[5] Pitchford points to documentation that he attached to one of his amended complaints, specifically a letter he wrote to the city council and some disciplinary documentation unrelated to Loftin's representation of the city, none of which was submitted as evidence at trial. Given that we are upholding point seven on appeal, this renders discussion of point twelve moot.
For the foregoing reasons, we affirm the circuit court's judgment in favor of the city and the order denying Pitchford's posttrial motion.
Affirmed.
Gruber, C.J., and Murphy, J., agree.

Appellees are the City of Earle and various city officials. For simplicity's sake, we refer to the appellees collectively as the city.

Pitchford attached numerous documents as exhibits to his filings before trial. At trial, however, Pitchford did not testify as a witness, nor did he submit any documentary proof into evidence. The witnesses called by Pitchford were Cynthia Connor (city clerk), Lawanda Powell (deputy city clerk), Stacy Abram (Pitchford's electrician), Lee Johnson (former city mechanic), Robert Malone (city councilman), Bobby Luckett (city councilman), Donnie Cheers (city councilman), Alan Elberson (part-time police sergeant), and Kenneth Cross (city councilman).

In August 2017, Pitchford was granted a continuance in order to subpoena the witnesses he desired to call to testify at trial. On the day of trial in December 2017, the mayor was not in attendance, and Pitchford's prior effort to subpoena her was deemed insufficient to require her attendance. Pitchford does not argue on appeal that the circuit court erred in its ruling as to the invalidity of the subpoenas.

Pitchford called his electrician, Stacy Abram, as a witness, who testified that the lot where Pitchford wanted electrical service was vacant except for an eight foot by ten foot storage building.

We point out that Pitchford did not move to disqualify Loftin as attorney of record for the city and that our supreme court has repeatedly registered its disapproval of an attorney testifying in an action in which he or she is an advocate. See, e.g. , Helena Country Club v. Brocato , 2018 Ark. 16, at 6, 535 S.W.3d 272, 276 ; Arthur v. Zearley , 320 Ark. 273, 280, 895 S.W.2d 928, 932 (1995).