Cite as 2023 Ark. App. 591

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CV-22-506

|  |  |
|---|---|
| | Opinion Delivered December 13, 2023 |
| VALIANT CONSULTANTS, INC.; STEVEN MAYER; JUSTIN PREER; AND MIKE FISHER | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION |
| APPELLANTS | [NO. 60CV-21-1486] |
| V. | |
| | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| COURTNEY LEWIS | |
| APPELLEE | AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

**CINDY GRACE THYER, Judge**

Appellants Valiant Consultants, Inc. (Valiant); Steven Mayer; Justin Preer; and Mike Fisher bring this interlocutory appeal from the Pulaski County Circuit's Court's April 29, 2022 order denying their motion to compel arbitration.[1] On appeal, they argue that the circuit court erred in denying arbitration, claiming there was a valid arbitration agreement in place between Valiant and appellee Courtney Lewis and that her fraud claims fall within its scope. Lewis asserts that because the underlying contract was induced by fraud, its arbitration provision was invalid. Since claims of fraud in the inducement of the contract

---

[1]An order denying a motion to compel arbitration is an immediately appealable order. Ark. R. App. P.–Civ. 2(a)(12) (2023); Ark. Code Ann. § 16-108-228 (Repl. 2016); *see IGF Ins. Co. v. Hat Creek P'ship*, 349 Ark. 133, 76 S.W.3d 859 (2002).

must be resolved by the arbitrator and not the courts, we reverse the court's denial as to Valiant. However, because Mayer, Preer, and Fisher have not provided us with any convincing argument or legal authority as to why they, as nonsignatories to the agreement, have the right to enforce the arbitration provisions of the contract, we affirm the court's denial as to them.

In the spring of 2020, after reviewing Valiant's online marketing materials, Lewis entered into an agreement with Valiant to allow it to build and run a fully automated Amazon store on her behalf.[2] Before signing the agreement, Lewis spoke to CEO Mayer and expressed reservations about Valiant's business model. At that time, Mayer purportedly reassured her and offered to give her a full refund if she was not satisfied with Valiant's performance. He allegedly told her that he could not reduce the guarantee to writing because doing so would violate FTC guidelines.

Soon after entering into the agreement and paying the thirty-thousand-dollar initial setup fee as well as Valiant's monthly fee, Lewis became dissatisfied with Valiant's services. She claims that the online testimonials she relied on had been prepared by Valiant employees rather than satisfied customers and that those testimonials were false. Lewis attempted to obtain a refund but was unsuccessful.

Consequently, on March 1, 2021, Lewis filed suit against Valiant and its cofounders and officers, Mayer, Preer, and Fisher, (collectively, "Defendants"), alleging claims of fraud,

---

[2]The agreement was signed by Mayer as CEO on behalf of Valiant.

constructive fraud, and violation of the Arkansas Deceptive Trade Practices Act. The Defendants answered and filed a motion to dismiss and to compel arbitration. The Defendants argued that the claims against Valiant arose out of, and were related to, the agreement and, thus, were subject to arbitration. As for Mayer, Preer, and Fisher, the Defendants alleged that their individual claims should be dismissed with prejudice for failure to state facts upon which relief may be granted. In the alternative, they asserted that the individual claims against them should be referred to arbitration.

Lewis responded, asserting that there were sufficient facts alleged in the complaint to support her fraud claims and that the arbitration clauses were invalid because the underlying services contract was fraudulently induced. Moreover, even if the arbitration provision was valid, she claimed that she had not agreed to arbitrate her claims against Mayer, Preer, or Fisher. The Defendants replied that because Lewis's claim was a challenge to the validity of the contract as a whole and not a challenge to the arbitration provision, the matter should be decided by the arbitrator in the first instance.

The circuit court denied the motion to dismiss and the motion to compel. This appeal followed.

As it did below, Valiant first argues that Lewis's claims against it are subject to the arbitration provisions of the underlying contract and that Lewis's claims of fraudulent inducement must be decided by the arbitrator and not the courts. As a result, it claims the circuit court erred in denying its motion to compel. We agree.

3

It is well settled that if a claim of fraudulent inducement relates to the contract generally and the contract contains an arbitration provision, the language of the Federal Arbitration Act provides that the dispute must be adjudicated by the arbitrator. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967); *BDO Seidman, LLP v. SSW Holding Co., Inc.*, 2012 Ark. 1, 386 S.W.3d 361. In *Buckeye Check Cashing, Inc. v. Cardegna*, the Court found: "First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance. Third, this arbitration law applies in state as well as federal courts." 546 U.S. 440, 445–46 (2006); *see also Nitro-Lift Techs., L.L.C. v. Howard*, 568 U.S. 17 (2012).

Here, Lewis's fraud claim attacks the validity of the agreement as a whole and not the arbitration clause specifically. Therefore, under *Buckeye*, the arbitrator, not the court, determines the issue. Thus, the circuit court erred in denying Valiant's motion to compel.

However, the same cannot be said for Mayer, Preer, and Fisher's individual attempts to compel arbitration. Mayer signed the agreement only in his official capacity as Valiant's CEO. Preer and Fisher were not signatories to the contract at all. They provided no analysis for their assertions at the circuit court level, and their challenge to the denial of their motion to compel on appeal was asserted in a footnote and again provided no explanation as to how or why they were entitled to enforce the arbitration provisions of the contract. The sole

extent of their argument is a citation to a 2001 Eighth Circuit case[3] for the proposition that litigation between a signatory and nonsignatory to an arbitration agreement may be stayed pending the completion of parallel arbitration proceedings that concern "common questions of fact that are within the scope of the arbitration agreement." Thus, the only case they cited fails to support their assertion that they are entitled to an order compelling arbitration. As a result, they have not presented a compelling argument or any applicable legal authority to support their position. We do not consider assertions of error that are unsupported by convincing legal authority or argument unless it is apparent without further research that the argument is well taken. *Kinard v. Kinard*, 2023 Ark. App. 96, 661 S.W.3d 253; *Pitchford v. City of Earle*, 2019 Ark. App. 251, 576 S.W.3d 103. It is not apparent here, without significant further research or further development of the argument by the parties, that arbitration is warranted. Thus, we affirm the court's denial of the motion to compel as to the individual defendants.

Accordingly, we affirm in part as to the court's order denying the motion to compel as to Mayer, Preer, and Fisher, and we reverse the court's order denying the motion as to Valiant and remand for entry of an order consistent with this opinion.

Affirmed in part; reversed and remanded in part.

ABRAMSON and GRUBER, JJ., agree.

*Hyden, Miron & Foster, PLLC*, by: *James L. Phillips*, for appellants.

---

[3] *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 242 F.3d 777 (8th Cir. 2001).

*Niswanger Law Firm PLC*, by: *Stephen B. Niswanger*, for appellee.