WEST APARTMENTS, INC. *v.* Leland BOOTH, d/b/a
Booth Home Improvements

88-156                                    760 S.W.2d 861

Supreme Court of Arkansas
Opinion delivered December 5, 1988
[Rehearing denied January 9, 1989.]

*Martin, Vater, Karr & Hutchinson*, by: *Charles Karr*, for appellant.

No brief filed.

STEELE HAYS, Justice. This small claims case originated in municipal court. The only question is whether or not an appeal to circuit court was timely filed.

Leland Booth, appellee, filed a small claims action against

West Apartments, appellant, in the Ft. Smith Municipal Court on October 12, 1987. Appellant was served by certified mail and the complaint and summons were received by appellant's agent for service on October 15, 1987.

Subsequently, a default judgment was signed by Municipal Judge John Settle which recites that the cause came to be heard on November 3, 1987. There is no date stamp on the default judgment showing when it was filed with the clerk of the court. However, on the official docket sheet of the municipal court is an entry for "11-3-87, Default Judgment," and the default judgment itself has the date of November 3, 1987 typed in on the designated date line on the document.

On December 7, 1987, appellant's attorney attempted to take an appeal to the circuit court but was told by the municipal court clerk that it could not be done because more than thirty days had elapsed from the date of the default judgment. On December 8, 1987, appellant filed a notice of appeal to circuit court. On December 9, 1987, appellant filed a letter with Judge Settle pointing out that there was no date or "filed" stamp on the judgment, and that the language of Rule 9(a) of the Arkansas Inferior Court Rules, providing for appeal to circuit court, is similar to Rule 4(e) of the Arkansas Rules of Appellate Procedure, which provides that time for appeal runs from the date of filing.

Apparently in response to this contention, the municipal judge instructed the clerk to process the appeal to circuit court, as the docket notes, "12-9-87 Judge said to accept the appeal." The transcript was prepared and filed with the circuit clerk on December 11, 1987.

Appellee filed a motion for summary judgment in circuit court contending that the circuit court had no jurisdiction because the appeal was not timely filed. On March 28, 1988, the circuit court entered an order finding it did not have jurisdiction because the appeal was not timely filed, and remanded the case to municipal court. It is from the order dismissing the appeal that appellant brings this appeal.

Appellant's argument essentially relies on applying ARAP to the procedures in inferior courts. ARAP 4(e) and our case law

make it clear that the time for appeal runs from the time the judgment is filed, *Caskey* v. *Pickett*, 272 Ark. 521, 615 S.W.2d 359 (1981). ARAP 4 deals with the time that an appeal must be taken, and specifically provides that an appeal must be filed within thirty days of the "entry of the judgment," ARAP 4(a), and that for the purposes of this rule, "A judgment . . . is entered . . . when it is filed with the clerk of the court in which the claim was tried." ARAP 4(e).

AICR 9 is similar to ARAP 4 and provides:

> (a) Time for Taking Appeal. All appeals in civil cases from inferior courts to circuit courts must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty (30) days from the date of the *entry of the judgment.* [Emphasis added.]

AICR 10 provides:

> Where applicable and unless otherwise specifically modified herein, the Arkansas Rules of Civil Procedure and rules of evidence shall apply to the govern matters of procedure and evidence in the inferior courts of this State.

Therefore, appellant argues, we should apply ARAP 4(e) to determine the time for appeal, as there is no similar provision in the AICR. Given that application, the argument continues, the judgment was never "entered," or filed, as required by ARAP 4(e), and the time from entry of judgment never began to run and the appeal was timely. We disagree.

While ARAP 4(e) establishes that a judgment is entered when it is filed with the clerk of a circuit, chancery or probate court, the procedure is decidedly different from the manner in which a judgment is entered in inferior court proceedings. That difference becomes quickly apparent by a review of AICR 8 and 9, which provide in relevant part:

Rule 8:

> (a) By Default. When a defendant has failed to appear or plead within the time specified by Rule 4 hereof, a default judgment may be rendered against him.
>
> (b) Upon the Merits. *Where the court has decided the*

*case, it shall enter judgment in favor of the prevailing party* for the relief to which he is deemed entitled.

(c) Docket Entry. *The court shall timely enter in the docket the date and amount of the judgment,* whether rendered by default or upon the merits.

(d) Judgment Lien. A judgment entered by an inferior court in this state shall not become a lien against any real property unless a certified copy of such judgment, showing the name of the judgment debtor, the date and amount thereof, shall be filed in the office of the circuit clerk of the county in which such land is situated.

\* \* \*

Rule 9:

(a) Time for Taking Appeal. All appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular court having jurisdiction of the appeal *within thirty (30) days from the date of the entry of the judgment.* (Emphasis added).

■ The foregoing rules, particularly Rule 8(c), reflect that an inferior court, such as the municipal court, enters any judgment it renders by entering, in a timely manner, the date and amount of the judgment in the court's docket. This specific procedure for entering judgments in an inferior court is in marked contrast to that applicable to courts of general jurisdiction under ARAP 4(e), where judgments are entered only when they are filed with the clerk of those courts.

■ In the instant case, it is clear that the Ft. Smith Municipal Court timely entered a default judgment against the appellant on the court's docket on November 3, 1987, and that more than thirty days had elapsed from that date before appellant attempted to file a notice of appeal. That being so, we conclude that the trial court was correct in finding it had no jurisdiction because appellant's attempted appeal was untimely.

Affirmed.