Gene RIDGEWAY *v.* Donald RAY; Steve Scudder;
Jackson County Democratic Party, Its Officers; Fred
Pickens, Secretary; Sam Wheeler, Chairman; Jackson
County Republican Party, Its Officers; Billy Ivy, Secretary;
and Paul Clayton, Chairman

88-204                                   760 S.W.2d 848

Supreme Court of Arkansas
Opinion delivered December 5, 1988

*Joe Peacock* and *Robert Meurer*, for appellant.

*Sam Boyce*, for appellee.

JACK HOLT, JR., Chief Justice. On January 26, 1988,
appellant Gene Ridgeway filed a petition requesting that sepa-
rate appellees Donald Ray and Steve Scudder be declared
ineligible as candidates for their respective party primaries
because they failed to file the requisite political practice pledges
"in person" before the county clerk in violation of Ark. Code Ann.
§ 7-6-102 (1987). Ridgeway further requested a writ of prohibi-
tion prohibiting the separate appellee political parties and their
officers from certifying Ray and Scudder as candidates.

The trial court determined that section 7-6-102 does not
require that candidates file their petitions "in person" and that
political practice pledges had been timely filed on behalf of Ray
and Scudder. Accordingly, the petition for writ of prohibition was
denied. Ridgeway argues the court erred in its interpretation of
section 7-6-102. We disagree and affirm.

Section 7-6-102(a)(1) in relevant part provides:

Candidates . . . for county, municipal, or township
offices shall file with the county clerk . . . a pledge in
writing, stating that they are familiar with the require-

ments of §§ 7-1-103, 7-1-104, 7-3-108, and 7-6-101 — 7-6-104 and will, in good faith, comply with their terms.

On the issue before us, the trial court's findings and judgment can be summarized as follows:

(1). Donald Ray signed and filed his political practice pledge with Betty Boyd, the elected assistant secretary of the Jackson County Democratic Party, who in turn filed Ray's documents with the Jackson County Clerk within the time prescribed by law.

(2). Steve Scudder signed and filed his political practice pledge with Billy Ivy, the secretary of the Jackson County Republican Party, who in turn, with the party chairman, filed Scudder's documents with the Jackson County Clerk within the time prescribed by law.

(3). If the legislature had intended to require a candidate for political office to appear only in person, and not by designated representation, the legislature should have so stated.

(4). Public policy suggests that, when possible, the law, as well as party rules, should be interpreted to encourage, rather than to discourage, participation by the electorate in the political process.

(5). The obvious purpose of the applicable statute is to insure that a prospective candidate has in fact signed the required documents to qualify as a candidate for office, has complied with the rules prescribed by the particular political party, and that the documents required by law have been timely filed in the county clerk's office.

(6). The evidence reflects that the purpose and requirements of the law were met by the defendants, and that plaintiff's petition should be denied.

The record clearly supports the trial court's findings of fact. Further, we find no fault with the court's rationale and conclusions of law. Nowhere in section 7-6-102 is there a requirement that candidates file their political practice pledges in person, nor has appellant Ridgeway offered any convincing argument or citation of authority to show otherwise.

Affirmed.

HICKMAN and GLAZE, JJ., concur.

TOM GLAZE, Justice, concurring. Because the appellant filed an improper action, I would not reach the issue raised in this appeal even though I agree with the majority's interpretation of Ark. Code Ann. § 7-6-102 (1987).

Appellant petitioned for a writ to prohibit the Jackson County Democratic Committee from certifying Donald Ray and Steve Scudder as candidates and from printing their names on the ballots for the 1988 Democratic Primary Elections. A writ of prohibition, of course, is an extraordinary writ and is only granted against a lower court which is wholly without jurisdiction of the subject matter. The remedy lies when there are no disputed facts, where there is no remedy otherwise, and the writ is clearly warranted. See Miller v. Lofton, 279 Ark. 461, 652 S.W.2d 627 (1983). Appellant here sought prohibition against the Jackson County Democratic Committee, not a court. Clearly, appellant, in these circumstances, sought the wrong remedy and for this reason alone, his petition should have been dismissed.

Appellant's remedy was one of mandamus, an action in which he could have alleged that Ray and Scudder failed to comply with § 7-6-102 and therefore, the Democratic Committee should be compelled to omit the printing of Ray's and Scudder's names on the primary election ballots. Of course, under the court's interpretation of § 7-6-102, appellant's request for a mandamus against the Jackson County Democratic Committee would also be denied because this court's interpretation of § 7-6-102 is that Ray and Scudder had complied with the terms of that statute. However, I write this concurring opinion to point out that the court was not obliged to reach the merits of appellant's argument and his argument could have failed even if he had stated sufficient facts to have shown noncompliance with the requirements of § 7-6-102. See Stillinger v. Rector, 253 Ark. 982, 490 S.W.2d 109 (1973) (where this court held the names of certain candidates should have been omitted from the general election ballots because they failed to file their political practice pledges with the city clerk within the time provided by law).

For the foregoing reasons, I concur.