Maynard JONES *v.* CITY OF FLIPPIN

CA 94-426                                        886 S.W.2d 875

Court of Appeals of Arkansas
En Banc
Opinion delivered October 26, 1994

*Christopher Carter*, for appellant.

No response.

PER CURIAM. The appellee has filed a motion asking that this appeal be dismissed for the reason that the case originated in Flippin Municipal Court and the appeal from that court to the Marion County Circuit Court was not timely appealed. It is the

appellee's contention that the circuit court was without jurisdiction. We agree with the appellee.

Appellee's motion points out that the order of the municipal court (supplied by appellee's motion to supplement the record) states that the appellant was found guilty of violating Flippin City Ordinance No. 81, and orders that he shall pay costs and a fine of $100 per day, commencing June 29, 1992, and continuing until the "violation is cured." The order is shown filed on August 21, 1992.

The appellant filed a notice of appeal with the municipal court on October 29, 1992, stating that he was appealing from the judgment of conviction "rendered" on the 21st day of August, 1992; the municipal judge signed an order granting the appeal; this order was filed with the municipal clerk on the 29th of October, 1992; and the record of the proceedings in municipal court was filed in circuit court on October 30, 1992. Included in the record of the proceedings was a docket sheet of the municipal court. This sheet shows the date of arrest, the number of the case, the appellant's name, the charge filed against him, a plea of not guilty, and the date the case was set for trial. However, the docket sheet does not show any judgment entered against appellant.

Rule 8(c) of the Arkansas Inferior Court Rules provides that "the court shall timely enter in the docket the date and amount of the judgment," and the Arkansas Supreme Court has said that the Inferior Court Rules —

> [P]articularly Rule 8(c), reflect that an inferior court, such as a municipal court enters any judgment it renders by entering, in a timely-manner, the date and amount of the judgment in the court's docket. This specific procedure for entering judgments in an inferior court is in marked contrast to that applicable to courts of general jurisdiction under ARAP 4(e), where judgments are entered only when they are filed with the clerk of those courts.

*West Apartments, Inc.* v. *Booth*, 297 Ark. 195, 250, 760 S.W.2d 861 (1988).

The *Booth* case also points out that Inferior Court Rule 9(a) provides that all appeals in civil cases from inferior

courts to circuit court must be filed in the office of the clerk of the particular court having jurisdiction of the appeal "within thirty (30) days from the date of the entry of the judgment." 297 Ark. at 250.

■■ Although Rule 9 only applies explicitly to appeals in civil cases, the Arkansas Supreme Court has held that the rule also governs appeals from municipal court to circuit court in criminal cases. *See Ottens* v. *State*, 316 Ark. 1, 871 S.W.2d 329 (1994), and *Allred* v. *State*, 310 Ark. 476, 837 S.W.2d 469 (1992). These cases also hold that the thirty-day period for filing the record is jurisdictional and that this issue may be raised for the first time on appeal. Thus, it is clear that the circuit court had no jurisdiction over this case. *See, Smith* v. *State*, 316 Ark. 32, 870 S.W.2d 716 (1994). However, since the circuit court entered a judgment based on evidence presented to it, we cannot simply dismiss the appeal to this court but must reverse and set aside the circuit court judgment.

We also point out that the appellee's motion raises the question of whether there has been any judgment actually entered by the municipal court. The appellee says that the *Booth* case, *supra*, does not hold that the docket entry required by Inferior Court Rule 8 "is the sole method of entering judgment" and suggests that "surely a signed court order filed with the clerk and sent to the parties also constitutes an entry of judgment." We do not think this issue is before us, and we want it to be clear that we express no opinion in that regard.

The judgment of the circuit court is reversed and set aside.