Larry J. NORMAN *v.* Gladys F. SWIFT

CA 99-539 9 S.W.3d 559

Court of Appeals of Arkansas
Division III
Opinion delivered January 19, 2000

*Hubert W. Alexander*, for appellant.

*Trotter & Skelton*, by: *Rick W. Skelton*, for appellee.

STEELE HAYS, Special Judge. Appellant is appealing from an order of the Pulaski County Circuit Court dismissing his appeal from a judgment entered against him in municipal court. On appeal, he argues the trial court erred in dismissing his appeal pursuant to Arkansas Inferior Court Rules 8 and 9. We affirm.

The Pulaski County Municipal Court entered a judgment against appellant on April 9, 1998. A formal written order was entered on April 20, 1998. Appellant appealed the judgment to the circuit court on May 19, 1998. The circuit court subsequently granted appellee's motion to dismiss on November 10, 1998. The circuit court found, pursuant to Inferior Court Rule 8(c), that the municipal court judgment was entered on April 9, 1998, and, as a consequence, appellant's appeal on May 19 was untimely.

Arkansas Inferior Court Rule 8(c) provides in part that "the court shall timely enter in the docket the date and amount of the judgment." The Arkansas Supreme Court has said this rule reflects that an inferior court, such as a municipal court, enters any judgment it renders by entering, in a timely manner, the date and amount of the judgment in the court's docket. *West Apartments, Inc. v. Booth*, 297 Ark. 247, 760 S.W.2d 861 (1988).

Inferior Court Rule 9(a) provides that all appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular court having jurisdiction of the appeal within thirty days from the date of the entry of the judgment. *Id.*

The thirty-day period for filing the record is jurisdictional. *Jones v. City of Flippin*, 47 Ark. App. 102, 886 S.W.2d 875 (1994).

 Appellant concedes Rules 8 and 9 required him to file his notice of appeal within thirty days of the entry of the judgment in the municipal court's docket. He argues he should be excused from this requirement because the municipal court clerk did not allow him to file his appeal until the written order was filed on April 20.

Inferior Court Rule 9 also provides:

> (c) When the clerk of the inferior court, or the court in the absence of a clerk, neglects or refuses to prepare and certify a record for filing in the circuit court, the person desiring an appeal may perfect his appeal on or before the 30th day from the date of the entry of the judgment in the inferior court by filing an affidavit in the office of the circuit court clerk showing that he has requested the clerk of the inferior court [or the inferior court] to prepare and certify the records thereof for purposes of appeal and that the clerk [or the court] has neglected to prepare and certify such record for purposes of appeal. A copy of such affidavit shall be promptly served upon the clerk of the inferior court [or the court] and the adverse party.

A lack of knowledge of the rules in itself does not constitute good cause for failure to file a timely notice of appeal. *See Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987). In the instant case, appellant failed to timely appeal from the municipal court and failed to avail himself of the provision in subsection (c) of Rule 9 by filing an affidavit with the circuit court. Thus, the circuit court was correct in dismissing his appeal as untimely.

Affirmed.

ROBBINS, C.J., and MEADS, J.,agree.