Robert LEWIS and Misste Lewis  *v.*  Lloyd ROBERTSON
d/b/a Lloyd's Used Cars

CA 05-1383                                      239 S.W.3d 30

Court of Appeals of Arkansas
Opinion delivered September 13, 2006

*Hurst, Morrissey & Hurst, PLLC*, by: *Josh Hurst*, for appellants.

*Daniel D. Becker*, for appellee.

JOHN B. ROBBINS, Judge. This appeal involves the timeliness of an appeal from Hot Springs District Court to Garland County Circuit Court. The circuit court dismissed the appeal of appellants Robert and Misste Lewis for lack of jurisdiction, and the Lewises now appeal the order of dismissal to this court. We affirm.

This case began when the Lewises filed a complaint in district court against appellee Lloyd Robertson d/b/a Lloyd's Used Cars, and the appellee filed a counterclaim. A hearing on the complaint and counterclaim was held on April 22, 2005. On June 23, 2005, the district court made a docket entry dismissing appellants' claim and awarding a judgment of $3331.85 in favor of the appellee. On July 6, 2005, the district court filed a judgment with the clerk, which was consistent with the prior docket entry. The appellants received a copy of the July 6, 2005, judgment on the day after it was filed.

On August 2, 2005, the Lewises filed an appeal to the circuit court. Three days later, the appellee filed a motion to dismiss the appeal because it was not timely filed. The Lewises responded to the motion on September 13, 2005, and on the same day the circuit court held a hearing on the motion. The trial court granted the appellee's motion to dismiss, and the Lewises now assert that this was error.

We hold that the circuit court properly dismissed appellants' appeal. Rule 8 of the Arkansas District Court Rules prescribes the method for entering judgments in district court, and provides in pertinent part:

> (a) *By Default.* When a defendant has failed to file an answer or reply within the time specified by Rule 6(b) of these rules, a default judgment may be rendered against him.

> (b) *Upon the Merits.* Where the court has decided the case, it shall enter judgment in favor of the prevailing party for the relief to which the party is deemed entitled.

(c) *Docket Entry*. The court shall timely enter in the docket the date and amount of the judgment, whether rendered by default or upon the merits.

Rule 9(a) provides:

(a) *Time for Taking Appeal*. All appeals in civil cases from district courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within 30 days from the date of the entry of judgment. The 30-day period is not extended by a motion for judgment notwithstanding the verdict, a motion for new trial, a motion to amend the court's findings of fact or to make additional findings, or any other motion to vacate, alter or amend the judgment.

The foregoing rules reflect that a district court enters any judgment it renders by entering, in a timely manner, the date and amount of the judgment in the court's docket. *See West Apartments, Inc. v. Booth*, 297 Ark. 247, 760 S.W.2d 861 (1988). In the instant case, the district court entered the judgment against the Lewises on the court's docket on June 23, 2005, and more than thirty days elapsed before the Lewises filed their appeal on August 2, 2005. That being so, we conclude that the trial court was correct in finding that it had no jurisdiction because appellants' attempted appeal was untimely. *See id.* The thirty-day requirement is mandatory and jurisdictional, and the circuit court has no authority to accept untimely appeals. *State v. Dawson*, 343 Ark. 683, 38 S.W.3d 319 (2001).

In their brief, the Lewises argue that Rule 8(c) violates the Fourteenth Amendment and is thus unconstitutional. They contend that the wording of the rule is vague in that it requires only a "timely" docket entry, and further complain that under the rule a party is void of any notice of a docket entry until they receive a judgment filed by the district court. Appellants contend that, because they were not given notice of the adverse judgment until July 7, 2005, and yet the time for filing an appeal began to run on June 23, 2005, the due process mandate of the Fourteenth Amendment was not satisfied. Appellants argue that because Rule 8(c) does not comport with the Due Process Clause, they have been wrongfully denied their right to a jury trial based on the untimeliness of their appeal.

We need not address the merits of appellant's constitutional argument because it was not raised to the trial court. In appellants' written response to the motion to dismiss they asserted only that

"the appeal herein was timely filed with the Circuit Clerk pursuant to Rule 9 of the District Court Rules." At the hearing on the motion, the appellants' counsel argued:

> Your Honor, I filed my notice of appeal within thirty days that the judgment was filed in district court. That was the first time I had notice the judgment was entered against my client. I know that it was entered pursuant to the docket in district court, but I would argue that the case was originally tried back in — I believe it was April, April the 22nd, and it was taken under advisement for a number of months.

> . . . .

> Your Honor, other than checking — calling the district court clerk on a daily basis, you know, I would have no notice that a judgment was even entered against my client until I received the order from the district judge[.]

The trial court responded:

> I agree it's an imperfect system, and quite honestly, it really isn't fair or doesn't seem fair. The problem is it's jurisdictional for me. If the Rule isn't met, then I have no basis on which to even rule other than to dismiss the appeal.

While the appellants did complain below about their lack of notice of the docket entry, they did not allege any constitutional violation, and the appellants now challenge the constitutionality of Rule 8(c) for the first time on appeal.

■ Our supreme court has repeatedly held that appellants are precluded from raising arguments on appeal that were not first brought to the attention of the trial court. *See, e.g., Green v. State,* 365 Ark. 478, 231 S.W.3d 638 (2006). Issues raised for the first time on appeal will not be considered because the trial court never had an opportunity to rule on them. *Id.* A party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Vanesch v. State,* 343 Ark. 381, 37 S.W.3d 196 (2001). On appellate review, issues of even constitutional dimension are waived if not presented to the trial court and a ruling obtained. *See Warnock v. Warnock,* 336 Ark. 506, 988 S.W.2d 7 (1999). The argument being made in this appeal was not raised and decided below, and now comes too late.

Affirmed.

GRIFFEN, J., agrees.

CRABTREE, J., concurs.

TERRY CRABTREE, Judge, concurring. I agree that this case must be affirmed because it is the law that the time for taking appeals from district court begins to run on the day a docket entry is made. That a docket entry denotes the rendering of judgment is perhaps owing to the relative informality associated with district court proceedings. However, I perceive an inherent unfairness in this rule where no provision is made for the litigants to be given notice that a mere docket entry has been made and that the time for appeal is running. I am thus somewhat sympathetic to appellants' confusion where, as here, the district court also entered a formal judgment, and it was the only judgment about which they received notice. I consider this rule a trap for the unwary, and the rule should be changed so that the time for appeal begins to run when a written order is entered rather than when it is noted on the docket.