--------
MIKE MURPHY, Judge *595 Appellant David Barnes appeals from an order of the Marion County Circuit Court awarding the appellees, Rhonda and Robert Wagoner, a $ 77,700 judgment against him after finding that he had breached a contract with the Wagoners to build a home. This is the third time this case has come before this court; it was previously dismissed for finality issues.[1] It is now properly before us. We affirm.
At the trial, the new contractor, Johnny Jagneaux, testified about the problems he encountered when he took over the project: (1) Barnes had used blocks from different manufacturers that would not properly interlock; (2) the rebar used was the wrong size; (3) the main structure was four inches out of square (with up to, but ideally less than, one inch out of square being acceptable); (4) the basement slab was poured unevenly; (5) the window openings were too small; (6) Barnes had started pouring concrete without consideration for where plumbing pipes and air ducts would be placed; and (7) Barnes had started to install flooring before the roof, causing the flooring to be exposed to the elements, mildew, and require removal and replacement.
The court took the case under advisement. In its order, it found that Barnes had breached the contract by failing to complete the work in a timely or workmanlike manner. It found that the Wagoners had paid Jagneaux $ 117,700 to fix the issues caused by Barnes and to complete the construction. This was in addition to the $ 60,000 they had already paid to Barnes. Thus, it cost the Wagoners a total of $ 177,700 to build the home they had originally contracted with Barnes to build for $ 100,000. The court awarded the Wagoners $ 77,700-the difference between the contract price and what they actually paid. Barnes now appeals.
In order to prove a breach-of-contract claim, one must prove "the existence of an agreement, breach of the agreement, and resulting damages." Keith Capps Landscaping & Excavation, Inc. v. Van Horn Constr., Inc. , 2014 Ark. App. 638, at 5-6, 448 S.W.3d 207, 210. In civil bench trials, the standard of review on appeal is not whether there is substantial evidence to support the findings of the court but whether the court's findings were clearly erroneous or clearly against the preponderance of the evidence. Id. A finding is clearly erroneous when, although there is evidence to support it, the reviewing *596 court on the entire evidence is left with a firm conviction that a mistake has been made. Id. Where the issue is one of law, our review is de novo. Id.
On appeal, Barnes first argues that the evidence does not support the court's findings that he failed to complete the work in a timely or workmanlike manner. He argues that the court did not consider the additional work Barnes did beyond what was required in the contract. To support these points, Barnes explains that the Wagoners requested numerous changes to the specs, that the building did not need to be perfectly square because "once the concrete is installed the wall can be moved around to ensure the building is square," and that "there was never a timeframe to complete the job." He said that he installed the blocks per the manufacturer instructions and that Jagneaux did work beyond the scope of the contract he had with the Wagoners. Barnes's arguments, however, ask us to reweigh the evidence. Disputed facts and determinations of credibility are within the province of the fact-finder. Id.
Barnes next argues that the Wagoners did not establish any construction standards or prove how Barnes had breached them. Barnes did not make the specific argument regarding establishing construction standards to the trial court or receive a ruling on it. We will not consider an argument that is raised for the first time on appeal. Davis v. Davis , 2013 Ark. App. 180, at 5, 2013 WL 1007249. Further, to the extent that Barnes argues that the evidence does not support the findings of breach, generally, he again asks us to reweigh the evidence. As outlined above, there was extensive testimony about the issues with the house that the new contractor discovered and what measures he took to complete the project after taking it over to fix those issues.
After our review of the evidence, we are not left with a definite and firm conviction that a mistake was made.
Affirmed.