Cite as 2019 Ark. App. 584

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-98

| | |
|---|---|
| JAVA'S MOTORCYLE REPAIR, LLC<br>APPELLANT<br><br>V.<br><br>GARY BARTH<br>APPELLEE | **Opinion Delivered:** December 11, 2019<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CV-18-1288]<br><br>HONORABLE LYNN WILLIAMS, JUDGE<br><br>REVERSED AND REMANDED |

## RAYMOND R. ABRAMSON, Judge

Java's Motorcycle Repair, LLC (Java), appeals the Garland County Circuit Court order dismissing its appeal of the judgment entered in favor of Gary Barth by the Garland County District Court. On appeal, Java argues that the circuit court erred in finding that it untimely appealed the judgment. We agree and reverse and remand.

On December 4, 2017, Barth filed a complaint against Java in the Garland County District Court alleging that Java had negligently repaired his motorcycle. On April 27, 2018, the district court held a trial and took the matter under advisement.

On June 28, the district court sent an email to the parties. The email states in part as follows:

> Based upon the pleadings, testimony, and other evidence presented, I find that Plaintiff Gary Barth is entitled to judgment in his favor and an award of damages in the amount $3,310.99, plus court costs.

The email was not filed in the district court docket. On June 29, the following entry was made in the district court docket:

> CLERK NOTE – PER EMAIL FROM JUDGE SWITZER – DECISION IN FAVOR OF PLAINTIFF – ATTY JONES TO PREPARE PRECEDENT FOR JUDGE TO SIGN

On August 1, the district court entered a written judgment against Java on the docket and awarded Barth $3,310 and court costs. On August 10, Java filed a notice of appeal in the district court, and on August 17, Java filed a certified copy of the district court docket sheet with the circuit court clerk.

On September 14, Barth filed a motion to dismiss the appeal in the circuit court and asserted that Java had untimely appealed to circuit court. Specifically, Barth argued that Java had filed its appeal more than thirty days after the June 29 docket entry awarding judgment to Barth. Java responded that its appeal time did not begin to run on June 29 because the judgment amount was not docketed on that date. On October 8, the circuit court granted Barth's motion and dismissed Java's appeal. Java appealed the dismissal to this court.

On appeal, Java argues that the circuit court erred by dismissing its appeal from the district court because it timely perfected the appeal in the circuit court pursuant to Arkansas District Court Rule 9. Specifically, Java asserts that its appeal time did not begin on June 29 because the docket entry did not state the judgment amount. In response, Barth recognizes that the June 29 docket entry did not specifically state the judgment amount, but he points out that the entry references the district court's email, and the email

2

specifically stated the judgment amount of $3,310.99[1] plus court costs. He asks us to apply the incorporation-by-reference doctrine as set forth in *Slaton v. Slaton*, 336 Ark. 211, 983 S.W.2d 951 (1999), and hold that the June 29 entry initiated Java's appeal time.

Because the circuit court considered matters outside the pleadings, we treat this case as a grant of summary judgment. *Circle D Contractors, Inc. v. Bartlett*, 2013 Ark. 131. When we review summary-judgment cases in which factual issues do not exist, we simply determine whether the prevailing party was entitled to judgment as a matter of law. *Progressive Halcyon Ins. v. Saldivar*, 2013 Ark. 69.

We review the interpretation of rules de novo. *Circle D Contractors*, 2013 Ark. 131. In this respect, we are not bound by the circuit court's decision; however, without a showing that the circuit court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id*. Moreover, we construe court rules using the same means and canons of construction used to interpret statutes. *Id*. The basic rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. When the language is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Id*. When a statute is ambiguous, however, we must interpret it according to the legislative intent, and our review becomes an examination of the whole act. *Id*. We reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Id*.

---

[1]We point out that in the email, the district court stated that Barth was entitled to $3,310.99 plus court costs, but the written judgment awarded Barth $3,310 plus court costs. We consider the ninety-nine-cent difference de minimis.

Arkansas District Court Rule 8 prescribes the method for entering judgments in district court and provides in part:

> (b) *Upon the Merits.* Where the court has decided the case, it shall enter judgment in favor of the prevailing party for the relief to which the party is deemed entitled.

> (c) *Docket Entry.* The court shall timely enter in the docket the date and amount of the judgment, whether rendered by default or upon the merits.

Rule 9(a) provides in part:

> (a) *Time for Taking Appeal From District Court.* Within 30 days of the docket entry awarding judgment entered in accordance with Rule 8(c) of these rules, regardless of whether a written judgment is otherwise entered or filed, appeals in civil cases from district court to circuit court shall be filed with the clerk of the circuit court having jurisdiction of the appeal . . . .

The foregoing rules reflect that a district court enters any judgment it renders by entering, in a timely manner, the date and amount of the judgment in the court's docket. *Lewis v. Robertson*, 96 Ark. App. 114, 239 S.W.3d 30 (2006).

In this case, we hold that the circuit court erred by dismissing the appeal because Java timely perfected the appeal to the circuit court. Java's appeal time began on August 1 when the district court entered the judgment amount in the docket, and Java perfected its appeal on August 17, well within thirty days of August 1. The June 29 docket entry did not initiate the appeal time because that entry did not include the judgment amount and thus did not comply with Rule 8 and Rule 9. Rule 9(a) provides that the time for taking an appeal from district court is "[w]ithin 30 days of the docket entry awarding judgment entered in accordance with Rule 8(c)," and Rule (8)(c) states that "[t]he court shall timely enter in the docket the date and amount of the judgment." We recognize that the June 29 entry referenced an email with a judgment amount. However, the email was never

4

entered in the district court docket. Given these circumstances, we decline Barth's request to apply the incorporation–by–reference doctrine to this case. Accordingly, because Java timely perfected its appeal, we hold that the circuit court erred by granting Barth's motion to dismiss, and we reverse and remand the case for proceedings consistent with this opinion.

Reversed and remanded.

GLADWIN and KLAPPENBACH, JJ., agree.

*The Applegate Firm, PLLC*, by: *Ryan J. Applegate*, for appellant.

*Jonathan D. Jones*, for appellee.