Cite as 2020 Ark. App. 238

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-19-587

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** April 15, 2020 |
| TERESA WHITSON | | |
| | APPELLANT | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 24OCV-18-134] |
| V. | | |
| | | HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE |
| BUDDY BELT AND VICKIE BELT | | |
| | APPELLEES | AFFIRMED |

## LARRY D. VAUGHT, Judge

Teresa Whitson appeals pro se from the Franklin County Circuit Court's entry of judgment against her for trespassing on property owned by appellees Vickie and Buddy Belt. We affirm the circuit court's order.

On August 28, 2018, Vickie and Buddy Belt filed a complaint against Whitson for trespass on their property located at 9204 Belt Drive in Mulberry, Arkansas. The Belts had lived at that location for approximately fifty-eight years and claimed that on a day in 2018, the Belts had been forced to call the police twice to remove Whitson from their property. Whitson had been cutting trees and bushes on their land. Buddy testified at trial that there is a fence between the Belts' property and Whitson's property and that the fence is the property line. He testified that the fence had been there since at least 1976 and that he had not added to or moved the fence. A survey was admitted into evidence without objection that showed the

fence as the property line. The Belts introduced photographs of the piles of brush that Whitson had cut and stacked on their property. Buddy testified that some of the bushes that Whitson cut were from plants that he received from his mother and that their sentimental value could not be replaced. The Belts introduced into evidence an estimate from Sharums Garden Center that it would cost approximately $2,500 to replace the bushes and trees that Whitson destroyed.

Whitson did not introduce any evidence at trial. She stated to the court that she had paid for the survey that had been introduced and that when she surveyed her property, it contained only 38.86 acres, which is less than what she believed it should contain. She admitted to the court that she had gone around the fence in order to access the land in question and that she had cut the bushes and trees. She stated that her father had put up the fence at least thirty years prior. She also admitted that there had been "no trespassing" signs on the trees and that she had destroyed several such signs.

The court ruled in favor of the Belts, awarding them $175 in actual damages for the no-trespassing signs and for removal of the limbs and brush that Whitson had cut. The court also awarded $217.50 in court costs and fees. The circuit court also issued a permanent injunction against Whitson, barring her from entering the Belts' property. Whitson now appeals.

In civil bench trials, the standard of review on appeal is not whether there is substantial evidence to support the findings of the court but whether the court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Barnes v. Wagoner*, 2019 Ark. App. 174, at 3, 573 S.W.3d 594, 595–96. A finding is clearly erroneous when, although there

is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been made. *Id.*

Whitson's pro se brief is difficult to follow. To the extent that she now argues that the survey admitted into evidence without objection was invalid, she failed to present this argument to the circuit court, and it is therefore not preserved for our review. Our supreme court has repeatedly held that appellants are precluded from raising arguments on appeal that were not first brought to the attention of the circuit court. *Green v. State*, 365 Ark. 478, 231 S.W.3d 638 (2006). Issues raised for the first time on appeal will not be considered because the circuit court never had an opportunity to rule on them. *Id.* A party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Lewis v. Robertson*, 96 Ark. App. 114, 239 S.W.3d 30 (2006). For the same reason, we are also barred from considering Whitson's argument that the Belts failed to prove adverse possession. Moreover, this argument has no merit because neither the court's letter order nor its subsequent judgment indicate that the court based its ruling on a finding of adverse possession.

To the extent that Whitson's appeal could be construed as a challenge to the sufficiency of the evidence supporting the circuit court's judgment, we affirm. The survey that was introduced into evidence and Buddy's testimony both supported the Belts' contention that the fence is the property line, and Whitson conceded that she cut down plants and destroyed signs on the Belts' side of that property line. The Belts provided evidence to support each measure of damages. Therefore, the circuit court's judgment for trespass was not clearly erroneous.

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*Teresa Whitson*, pro se appellant.

*Robertson Beasley Shipley & Robinson*, by: *Jay Kutchka*, for appellees.