Cite as 2022 Ark. App. 465

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-21-14

| | |
|---|---|
| MIZAN RAHMAN<br><br>APPELLANT | Opinion Delivered November 16, 2022 |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. 60CV-10-1700] |
| V. | |
| BF ACQUISITIONS, LLC, ASSIGNEE OF REGIONS BANK; WOODLAND FARM ESTATES, LLC; AND DAVID CARL<br><br>APPELLEES | HONORABLE MACKIE M. PIERCE, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

This case involves a 2006 real estate development that resulted in a foreclosure in 2010 and a deficiency judgment in 2011 against Mizan Rahman. That judgment was ultimately purchased by, and assigned to, BF Acquisitions, LLC (BF). The Pulaski County Circuit Court clerk, at BF's request, issued a writ of execution against Rahman in February 2020. Rahman moved to quash the writ of execution, which the Pulaski County Circuit Court denied on October 5, 2020. Rahman now appeals that order and argues that the circuit court erred in ruling that the writ of execution on the judgment complied with Arkansas Code Annotated section 16-66-106 (Repl. 2005) because it was not issued jointly to all defendants; that the circuit court erred in finding that the writ of execution did not violate Rahman's due-process rights; and that the circuit court erred in ruling that BF was

not required to be a licensed debt-collection agency pursuant to Arkansas Code Annotated sections 17-24-101 et seq. (Repl. 2018 & Supp. 2021). We affirm.

Rahman, a licensed Arkansas professional engineer, was hired by David Carl, a real estate developer, to perform civil-engineering services for a residential real estate project in 2006. Carl formed Woodland Farms Estates, LLC (Woodland Farms), for the project, and Regions Bank was the lender. Carl, Woodland Farms, and Rahman signed a promissory note in the principal amount of $351,000 on September 28, 2006. The note was secured by a mortgage on the project real estate and filed of record on September 29, 2006.

When the loan went into default, Regions filed a foreclosure complaint on March 26, 2010, naming Rahman, Carl, and Woodland Farms as defendants.

On February 25, 2011, the circuit court entered a final judgment and decree of foreclosure against Woodland Farms, Carl, and Rahman jointly and severally, in the amount of $382,468.83 together with costs, attorney's fees, and interest. A foreclosure sale occurred on March 31, 2011; Regions was the successful bidder and purchased the property for $174,818. The report of the foreclosure sale and the order confirming the sale were filed on April 12, 2011.  Rahman and Carl have not had contact since 2011.

In 2019, Regions assigned its deficiency judgment to Edgefield Holdings, LLC (Edgefield). Edgefield then assigned its interest to BF, a limited liability company formed by debt collector and lawyer Brian Ferguson. At the time of the sale, neither BF nor Edgefield was a licensed debt-collection agency with the Arkansas Board of Debt Collection Agencies nor had the Board determined that they needed to be licensed. After purchasing the

judgment, BF filed a notice of assignment, a motion to substitute the real party in interest, and an application for charging order on October 21, 2019. The next day, the circuit court clerk issued a writ of execution. Rahman was served with all of these documents; none of Rahman's property was ever sold or seized. Rahman subsequently filed in the circuit court a motion to quash the writ of execution and stay collection actions.

An evidentiary hearing on various motions, including Rahman's motion to quash the writ of execution and to stay collection actions, was held on February 10, 2020.[1] The circuit court took the matter under consideration and ultimately issued a letter opinion on September 2, 2020, denying Rahman's motion; the letter ruling was confirmed by written order on October 5, 2020.

In its order, the circuit court found that Arkansas Code Annotated section 16-66-106 did not apply to the facts of this case because to proceed with a writ of execution against Carl would "be an exercise in futility." The circuit court also found that the writ of execution was constitutional and that Rahman received all notice to which he was entitled. The circuit court found that BF, as a judgment purchaser, was not required to be a licensed debt-collection agency. Ultimately, the circuit court denied Rahman's motion to quash the writ of execution. The circuit court also granted BF's request for a charging order. The judgment

---

[1]The circuit court found that the October 2019 writ contained an accounting error in that it did not give Rahman credit for a previously made $10,000 payment but agreed with BF that the proper remedy was to reform the writ. BF subsequently caused a second writ of execution to be issued on February 5, 2020. The court found this second writ contained a proper and accurate accounting of the balance due under the judgment and was the subject of the February 10, 2020 hearing. Rahman does not dispute this on appeal.

was revived and renewed against all judgment debtors for an additional ten-year period from the date of the order. The court found that the balance of the judgment as of October 2, 2020, was $333,417.85. The circuit court granted Rahman's motion to stay collection proceedings on the judgment pending appeal and dismissed all other pending motions and outstanding writs. This timely appeal followed.

"In civil bench trials, the standard of review on appeal is not whether there is substantial evidence to support the findings of the court but whether the court's findings were clearly erroneous or clearly against the preponderance of the evidence." *Barnes v. Wagoner*, 2019 Ark. App. 174, at 3, 573 S.W.3d 594, 595 (internal citations omitted). Further, "[a] finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been made. Where the issue is one of law, our review is de novo." *Id.*, 573 S.W.3d at 595–96.

Rahman's first argument on appeal is that the circuit court erred by not following the plain language of Arkansas Code Annotated section 16-66-106 that states in pertinent part: "On a judgment or decree against several, the execution must be joint."[2] Questions of statutory interpretation are reviewed de novo. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002).

In the case before us, the circuit court specifically found that "[t]he evidence is that David Carl moved to Texas years ago and is likely dead. Whether he's living in Texas or

---

[2]We note that this section has been repealed by the General Assembly, effective July 28, 2021.

deceased, he's beyond the execution power of this court." Further, "[r]equiring Plaintiff to execute on Carl undermines the entire concept of joint and several liability, and Plaintiff is not obligated to do so." This factual finding is not clearly erroneous because it was supported by the testimony of Rahman himself, who testified that he did not know where Carl was and that he believed he was likely dead. We cannot say that the circuit court committed an error of law since it would have been impossible and futile for the execution to be joint when one of the debtors is outside the execution power of the circuit court. It is well settled that "this court does not engage in [statutory] interpretations that defy common sense and produce absurd results." *Green v. Mills*, 339 Ark. 200, 205, 4 S.W.3d 493, 496 (1999). Clearly, requiring joint execution under the facts of this case would produce an absurd result. Accordingly, we affirm the circuit court's finding that Arkansas Code Annotated section 16-66-106 does not apply to the facts of this case.

Rahman next argues that the circuit court erred in upholding the constitutionality of the writ of execution. In support of his argument that notice is required to the judgment debtor of the purchase and assignment of the judgment, he cites the due process clauses of the Arkansas and United States Constitutions. Before the circuit court, Rahman challenged the constitutionality of the writ of execution, arguing that it violated his due-process rights because he did not receive notice of the assignment of the judgment. The circuit court found that creditors are not required to notify a judgment debtor when a judgment is assigned and that, consequently, Rahman received all notice to which he was entitled.

On appeal, Rahman reasserts his contention that his due-process rights were violated and argues the lack of notice left him "confronted with an assignee of an assignee of the judgment demanding full payment of the judgment, which it acquired for pennies on the dollar, through writs of execution." He contends that because BF was not the original judgment holder, he was deprived "of a meaningful opportunity to protect his property interests" and "should have been afforded the same opportunity to resolve" the judgment interests with the original judgment holder.

In essence, Rahman acknowledges that he had the opportunity in the circuit court to protect his property interests by virtue of his motion to quash the writ of execution, but he argues that this opportunity was not meaningful and thus violated his due-process rights because BF—not the original judgment holder—was seeking collection on the judgment. However, Rahman does not present a compelling argument or applicable legal authority to support his position. We have long held that we do not consider assertions of error that are unsupported by convincing legal authority or argument unless it is apparent without further research that the argument is well taken. *See Pitchford v. City of Earl*, 2019 Ark. App. 251, 576 S.W.3d 103; *Hanks v. Sneed*, 366 Ark. 371, 235 S.W.3d 883 (2006). Such is the case here. Accordingly, we affirm the circuit court's finding that Rahman received all the notice to which he was entitled and that the writ of execution was not unconstitutional.

Rahman's final appellate argument is that the circuit court erred in ruling that BF was not required to be licensed pursuant to Arkansas Code Annotated sections 17-24-101 et

6

seq. Rahman argues that in order for BP to collect on an assigned judgment, BF had to be a licensed debt-collection agency.

Arkansas Code Annotated section 17-24-101 provides:

> As used in this chapter, unless the context otherwise requires, "collection agency" means any person, partnership, corporation, association, limited liability corporation, or firm which engages in the collection of delinquent accounts, bills, or other forms of indebtedness owed or due or asserted to be owed or due to another or any person, partnership, corporation, association, limited liability corporation, or firm using a fictitious name or any name other than its own in the collection of their own accounts receivable, or any person, partnership, corporation, association, limited liability corporation, or firm which solicits claims for collection or any person, partnership, corporation, association, limited liability corporation, or firm that purchases and attempts to collect delinquent accounts or bills.

Our court reviews a circuit court's statutory interpretation de novo and is not bound by the circuit court's determination. *Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179. However, we will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error. *Cockrell v. Union Planters Bank*, 359 Ark. 8, 194 S.W.3d 178 (2004). The basic rule of statutory construction is to give effect to the intent of the legislature. *Calaway v. Prac. Mgmt. Servs., Inc.*, 2010 Ark. 432. When the language of a statute is plain and unambiguous, this court determines legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the statute, if possible. *Id.*

If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no need to look further and apply the rules of statutory construction. *Brown v. State*, 375 Ark. 499, 292 S.W.3d 288 (2009). We will not read into a statute language that was not included by the legislature. *Ark. Dep't of Corr. v. Shults*, 2018 Ark. 94, 541 S.W.3d 410.

Rahman argues that the judgment upon which BF was attempting to collect was "another form of indebtedness" because it was an assigned judgment, and BF was not the original judgment holder. The statute contains four separate and distinct definitions of what constitutes a collection agency under the statute. Rahman attempts to conflate two of the definitions; namely, he argues that BF "engages in the collection of accounts, bills, or other forms of indebtedness . . ." and "purchases and attempts to collect delinquent accounts or bills."

The statute, however, provides that in order for a limited liability corporation that engages in the collection of an "other form of indebtedness" to be a collection agency and be required to be licensed, it must be collecting that indebtedness "owed or due or asserted to be owed or due to another." That is, the statute requires a limited liability corporation such as BF to be licensed only if it is collecting "an other form of indebtedness" on behalf of someone else.

BF argues it was not attempting to collect "an other form of indebtedness" on behalf of someone else. We agree. It purchased the judgment, and it therefore was attempting to collect the indebtedness on behalf of itself. Because it was collecting on the judgment in its

own name, for itself, and not on behalf of another, we hold that the circuit court's finding that BF was not required to be a licensed debt collector was not in error. As such, we affirm.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Watts, Donovan, Tilley & Carson, P.A.*, by: *David M. Donovan*, for appellant.

*Baxter Law Firm, PLLC*, by: *James R. Baxter*, for separate appellee BF Acquisitions, LLC.